■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO MURRAY, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant, et al., Respondents.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Dutchess County, dated April 18, 1979, which granted the writ and directed appellant to restore petitioner to parole. Judgment reversed, on the law, without costs or disbursements, the petition is dismissed and petitioner is directed to surrender himself to the Superintendent of the Green Haven Correctional Facility. In January, 1978 petitioner was arrested in Bronx County and was charged with engaging in deviate sexual inter-

course with an eight-year-old child. In March, 1978 these criminal charges were adjourned in contemplation of dismissal pursuant to CPL 170.55. Thereafter the appellant, New York State Board of Parole, charged petitioner with violation of the conditions of his parole based upon the acts underlying those criminal proceedings. After a timely final parole revocation hearing, at which the eight-year-old victim gave sworn testimony which was corroborated by the testimony of her grandmother, petitioner was adjudged in violation of his parole. In September, 1978 the criminal charges were dismissed by operation of CPL 170.55. The fact that the criminal charges were dismissed in the "furtherance of justice" has no bearing upon the action taken by the Board of Parole with respect to the underlying acts. *People ex rel. Piccarillo v New York State Bd. of Parole* (64 AD2d 642), which is relied upon by petitioner, held that evidence suppressed in criminal proceedings because the evidence was seized in violation of petitioner's Fourth Amendment rights is inadmissible at a parole revocation hearing. That decision did not hold that dismissal of criminal charges, for whatever reason, precludes appellant's consideration of the underlying acts (cf. *People ex rel. West v Vincent,* 46 AD2d 782). Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.