■ HERBERT KAMINSKY, Respondent, v EDWARD R. HAMMOCK, as Chairman of the Board of Parole, et al., Appellants.—Judgment, Supreme Court, New York County, entered January 30, 1980, granting petitioner's application for a preliminary injunction enjoining the State Division of Parole from executing upon an outstanding parole violation warrant; directing that a new parole violation hearing be held, reversed, on the law, the application denied and the petition dismissed, without costs and disbursements. On October 16, 1974, petitioner, after serving 57 months of a sentence for grand larceny in the first degree, was released on parole with an expiration date of February 13, 1978. Some two months after this release, petitioner was arrested by Federal authorities and subsequently convicted on June 2, 1976 of fraud by wire, interstate transportation of stolen property and conspiracy. One day later, on June 3, 1976, a parole violation warrant was lodged against him, and on June 30, 1976, a preliminary hearing was held which resulted in finding probable cause to believe that petitioner had violated his State parole. On August 25, 1976, petitioner was sentenced on the Federal charges, and on September 29, 1976, he was sentenced on another Federal charge for mail fraud. A final parole revocation hearing was held on October 27, 1976, wherein the parole violation charges were sustained and petitioner's parole revoked, with a direction that he be returned to a New York State correctional facility after serving the Federal sentence. Scheduled to be released from Federal prison on August 24, 1979, petitioner commenced this CPLR article 78 proceeding to compel respondents to remove the parole revocation warrant lodged against him or, in the alternative, to direct respondents to hold an immediate (new) hearing as to his parole status. No challenge was made as to the propriety of either the preliminary or final parole revocation hearings held in 1976. Special Term, although concluding that there had been no violation in procedure by the Division of Parole under section 259-i of the Executive Law directed a new hearing "in the interests of justice" to permit the Division of Parole to evaluate the petitioner's status on the basis of current information, finding significant the fact that the parole violation hearing took place three years ago. The statute (Executive Law, § 259-i), no impropriety having been shown, does not afford a right to a hearing on the ground urged by Special Term. Petitioner was timely given both a preliminary and a final parole violation hearing and no appeal was taken from the determination rendered thereat to revoke his parole. That determination is binding and may not be challenged by a mandamus proceeding commenced more than three years later. A proceeding in the nature of mandamus is an extraordinary remedy which will lie only where there is a clear legal right to the relief sought.

Parenthetically, it is noted that the respondents' letter, dated August 3, 1979, relied on by petitioner's counsel, reiterates respondents' position that petitioner's case will not be reviewed prior to his return to a New York State correctional facility. No issue is raised as to whether respondents failed to perform a duty enjoined upon them by law, or whether they are proceeding or are about to proceed without or in excess of their jurisdiction. Petitioner is not precluded from requesting a new hearing after his return to State custody, since at that time the Division of Parole will have jurisdiction and discretion to re-evaluate his case based upon any new information which might be offered. Concur—Birns, Fein, Lupiano and Bloom, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The majority opinion fairly states the facts and the situation. However, it ignores one aspect which I deem of significance. There is a letter dated August 16, 1979 from the Chairman of the Division of Parole, which analyzes the background of the petitioner and then states definitively that he "does not represent a suitable subject for further consideration." It would seem that under section 259-i (subd 3, par [c], cl [i]) of the Executive Law, enacted in 1977, but effective January 1, 1978, which is after his final parole revocation hearing, it can be said that upon the return of the petitioner to State custody, he would be entitled to a hearing under this new statute. In any event, the majority opinion assumes in its conclusion that the petitioner "is not precluded from requesting a new hearing after his return to State custody", when the Chairman of the Division of Parole has already stated that such an approach would be fruitless. Accordingly, while I agree that there was no basis for the petitioner's request that he receive a new parole hearing *prior* to his release from Federal custody, the determination at Special Term that a new hearing be directed was justified. (Cf. *Greenholtz v Nebraska Penal Inmates,* 442 US 1; *Dumschat v Board of Pardons,* 618 F2d 216.)