■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PRESTON KNOWLES, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment affirmed. Memorandum: We affirm for the reasons stated at Special Term. In addition we note that on November 9, 1979, 50 days after the revocation hearing, petitioner received a copy of a letter sent to his attorney on November 1, 1979 by the senior parole officer in the Rochester office stating that a notice of appeal form and a copy of the "finding of fact and recommended disposition" were enclosed and advising the attorney that on October 26, 1979 the Parole Board commissioners had approved the finding and the recommended disposition submitted by the hearing officer and had directed that, *inter alia,* the parole violation be sustained, parole be revoked and petitioner held for 15 months. *Lee v Syracuse Area Parole Off.* (77 AD2d 815) is not contrary to this decision. In *Lee,* 58 days elapsed between the final revocation hearing and the time the board rendered its decision and there was evidence of prejudice resulting from this delay. All concur, except Schnepp, J., who dissents and votes to reverse and grant the writ, in the following memorandum.

Schnepp, J. (dissenting). I agree that the Executive Law does not require and the Legislature never intended that the final revocation hearing be concluded and the Parole Board's final written decision and recommendation be received by the violator within the 90-day statutory period. Contrary to the majority's holding, however, I would reverse the determination and hold that a delay of 90 days from the final revocation hearing to notification of the violation hearing decision or recommendation, under the circumstances here, constitutes a deprivation of due process rights and violates the requirement of notice "As soon as practicable after a violation hearing" (9 NYCRR 8005.20 [f]). The facts are not in dispute. On April 15, 1971 petitioner was sentenced to an indeterminate term of imprisonment with a maximum of 15 years and a minimum of 5 years. He was released on parole in 1974, returned for a violation of parole on July 9, 1976 and reparoled on January 18, 1978. On December 2, 1978 petitioner was arrested and charged with the commission of a crime. On December 4, 1978 a parole violation warrant was issued and on December 12, 1978 a finding of probable cause was made after a preliminary hearing. Petitioner requested a postponement of the final violation hearing until August 10, 1979 when, after pleading guilty to attempted assault based on the December 2, 1978 incident for which he received a 90-day sentence, with credit for time served, petitioner requested a final hearing. On September 20, 1979 a final violation hearing was held before a hearing officer. On December 10, 1979 petitioner commenced this habeas corpus proceeding seeking his release from custody and reinstatement of parole, claiming that he had not received the Parole Board's final written decision. On December 19, 1979 petitioner received the Parole Board's final decision and determination which sustained the parole violation, found a delinquency related to the December 2, 1978 incident, revoked his parole and fixed a period of "15 months" as a date for consideration by the Parole Board of his rerelease on parole. The hearing on September 20, 1979 was well within the 90-day statutory limit (Executive Law, § 259-i, subd 3, par [f], cl [i]). The formal written decision was given to petitioner on December 19, 1979, 90 days after the conclusion of, and 131 days after his request for, the final revocation hearing. It is beyond question that notice of the decision following a parole revocation

hearing is an interest within the "liberty and property" language of the Fourteenth Amendment. In *Morrissey v Brewer* (408 US 471, 489) the Supreme Court held that due process applies to parole revocation and one of the minimum requirements of due process is "a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." By statute in New York once it is found that a condition of parole is violated, the violator may either be incarcerated with a date fixed for consideration by the Parole Board for rerelease or restored to parole supervision (Executive Law, § 259-i, subd 3, par [f], cl [x]). As directed by *Morrissey,* a written statement must be prepared and made available to the violator indicating the evidence relied upon, the reasons for revoking or recommending the revocation of parole, and the disposition made or recommended (Executive Law, § 259-i, subd 3, par [f], cl [xi]). There is no statutory time within which the violator and his attorney must be provided with the written violation hearing decision. New York has clearly imposed the requirement of expedition in parole matters, however, and the statute, which directs the final revocation hearing, enumerates explicit time frames in which certain procedures must be provided for the alleged violator. Our courts have mandated that where the legislative purpose was to create time periods beyond which there could be no delay the statute should be strictly construed *(People ex rel. Johnson v New York State Bd. of Parole,* 71 AD2d 595; *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019). The concern of the Division of Parole for prompt disposition procedures is evidenced by 9 NYCRR 8005.20 (f) which provides as follows: *"Notification.* As soon as practicable after a violation hearing, the alleged violator and his attorney shall be advised in writing of the violation hearing decision, or decision and recommendation, including the reason for the determination and the evidence relied upon." The transmittal to petitioner of a copy of the bare letter addressed to petitioner's attorney, noted by the majority in their affirmance, can scarcely be deemed a compliance with the statute and rules. Before the New York State statute fixed exact time requirements it was held that due process required that the alleged parole violator be accorded the right to a hearing within a reasonable time *(Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445) and that the test of reasonableness under the circumstances "requires a case-by-case *ad hoc* approach for proper resolution" *(People ex rel. Allah v Warden, Bronx House of Detention,* 47 AD2d 485, 490, app dsmd 38 NY2d 823; see *Matter of McLucas v Oswald,* 40 AD2d 311, app dsmd 32 NY2d 761). Following the same rationale, where the statute and regulations now provide no fixed time period for service of a written hearing decision other than the imprecise direction "As soon as practicable", *ad hoc* determinations are also required to be made case-by-case, based on the totality of circumstances, as to whether or not a particular delay is unreasonable. Factors to be considered in determining whether a delay constitutes a violation of a parolee's constitutional right to due process are: (1) length of delay; (2) reasons offered to explain the delay; (3) complexity of the case and degree of difficulty in arriving at a decision; and (4) prejudice to the petitioner. Factors which contribute to the complexity of the case include: (a) volume of testimony and number of witnesses; (b) type of proof offered; (c) similarity between the proof at the preliminary hearing and the final revocation hearing; and (d) need for review of the hearing officer's determination by a Parole Board member. Factors which may contribute to prejudice the parolee include: (a) absolute loss of freedom; (b) loss of rehabilitation oppportunity; (c) loss of available privileges; and (d) delay or effective loss of right to appeal. I would hold, however, that an inordinate unexcused delay per se may amount to a violation of the petitioner's due process rights without a showing of actual prejudice (see, generally, *Morrissey v Brewer,* 408 US 471, *supra).* Without the benefit of a violation hearing decision, the parolee is in a state of limbo since he is in prison but not in

the mainstream of the system's rehabilitative processes and every privilege which is available to him may be adversely affected. Applying these factors here, 90 days elapsed between the final revocation hearing and the receipt by petitioner of the required hearing violation decision and recommendation during which time he was incarcerated by reason of the parole violation. Although the record shows that the hearing officer's recommendations were reviewed by the Parole Board on October 26, 1979, no explanation or justification is offered by the parole authorities for the delay in providing petitioner with its decision until over 50 days later. Additionally, the record, which does not contain the hearing minutes, shows that petitioner pleaded guilty in criminal court and, since the only proof was the certificate of conviction which was apparently offered into evidence, the revocation proceedings were neither complex nor time consuming. The finding of a parole violation at the conclusion of the hearing was self-evident and the administrative procedures necessary to fix the sanction, render a decision and convey it to the appellant would seem to be minor. The denial to an alleged violator of a prompt decision is a failure to comply with the spirit and letter of the law, and the burden to justify any prolonged delay must be met by the parole authorities because they have virtual control over this stage of the administrative process and dictate its pace. The legislative purpose in establishing the 90-day rule and other time limitations, which were designed to guarantee the alleged parole violator with the process due to him, should not be thwarted by countenancing unexcused or unnecessary delays in providing the required written decision. In my view, there is no way to rectify the violation of these due process rights and the rules of the Division of Parole, and the proper remedy under the circumstances is vacatur of the parole violation warrant and reinstatement of the appellant to parole (see *People ex rel. Johnson v New York State Bd. of Parole*, 71 AD2d 595, *supra; People ex rel. Levy v Dalsheim*, 66 AD2d 827, affd 48 NY2d 1019, *supra).* Any other direction would be meaningless. (Appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.