■ CHARLES R. SUTTON et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 2.) — Appeal dismissed, without costs, upon stipulation. (Appeal from order of Court of Claims — appraisal reports.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE M. SMARR, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted. *(People v Crawford,* 71 AD2d 38.) (Appeal from judgment of Onondaga County Court — assault.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARON WHITE, Respondent, v JOHN C. DILLON, as Sheriff of the County of Onondaga, Respondent, and BOARD OF PAROLE OF THE STATE OF NEW YORK, Appellant. — Judgment unanimously reversed and writ dismissed. Memorandum: Upon its finding that the Parole Board unduly delayed relator's parole revocation proceeding in violation of his due process rights, Special Term ordered that relator be released on parole. Relator was arrested on January 14, 1980 and waived his right to a preliminary parole revocation hearing on January 17, 1980. His final parole revocation hearing was held on March 26, 1980, well within the required 90-day period (see Executive Law, § 259-i, subd 3, par [f], cl [i]). The Parole Board rendered its decision 44 days later, on May 9, 1980. Although the precise issue was not raised in relator's petition, nor indeed could it have been since this proceeding was brought only five days after the final parole revocation hearing, Special Term, *sua sponte,* found that the 69-day period between relator's waiver and the final hearing, together with the 44-day period between the final hearing and the Parole Board's decision, constituted undue delay. We disagree. Since relator's final parole revocation hearing was timely held the only remaining question is whether the Parole Board's decision was rendered "as soon as practicable" after the final parole revocation hearing (9 NYCRR 8005.20 [f]). We hold that it was (see *People ex rel. Walker v Hammock,* 78 AD2d 369). We have considered the issues raised in relator's petition and find them to be without merit. (Appeal from judgment of Onondaga Supreme Court — habeas corpus.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.