■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARK FROATS, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Appellant, and JOHN DILLON, as Sheriff of Onondaga County, Respondent. (Appeal No. 1.) — Judgment unanimously reversed and writ dismissed. Memorandum: Special Term correctly found that relator's rights were not violated by the failure of the Board of Parole to reserve decision on his parole revocation hearing until after his trial on the underlying criminal charges even though the hearing officer had initially agreed to do so. Relator did not waive any constitutional or statutory rights or change his position to his detriment. Although he waived his right to a prompt decision, he received a prompt decision and therefore suffered no prejudice (cf. *Santobello v New York*, 404 US 257). The hearing officer rendered a decision in 47 days, a period that is reasonable absent any showing of actual prejudice (see *People ex rel. White v Dillon*, 81 AD2d 1037; *People ex rel. Knowles v Smith*, 78 AD2d 975; *People ex rel. Walker v Hammock*, 78 AD2d 369). Special Term, however, ordered a new preliminary and final revocation hearing "in the interest of justice and fairness" apparently because relator had subsequently been acquitted on the underlying criminal charge. There is no statutory basis for a court to annul the board's determination in the interests of justice (*Kaminsky v Hammock*, 76 AD2d 758) and acquittal on the criminal charges does not bar a subsequent parole revocation based on the underlying charges (see *Matter of Mummiami v New York State Bd. of Parole*, 5 AD2d 923, mot for lv to app den 5 NY2d 709, mot for rearg den 7 NY2d 756, cert den 362 US 953; see, also, *People ex rel. Wallace v State of New York*, 70 AD2d 781, app dsmd 48 NY2d 1025; *People ex rel. Murray v New York State Bd. of Parole*, 70 AD2d 918, affd 50 NY2d 943). Inasmuch as Special Term found that there was no violation of relator's constitutional rights, no procedural flaws and sufficient evidence to support the board's determination, that determination should have been confirmed. (Appeal from judgment of Onondaga County Court, Cunningham, J. — habeas corpus.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.