STATE of Missouri ex rel. Bertram G. COOPER, Relator,

v.

The Honorable John HUTCHERSON, Judge, Associate Circuit Court of Clay County, Missouri, Respondent.

No. WD 35615.

Missouri Court of Appeals,
Western District.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 31, 1984.

Application to Transfer Denied Aug. 20, 1984.

James F. Speck, Kansas City, for relator; Speck & Handley, Kansas City, of counsel.

James Chancellor, Pros. Atty., Liberty, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and MANFORD, JJ.

ORIGINAL PROCEEDINGS IN PROHIBITION

PRITCHARD, Presiding Judge.

Relator sought by his petition herein to prohibit respondent from revoking his probation upon the ground that he had committed a rape upon one Donna Jones, a charge for which, after a second trial, resulted in a jury's verdict of acquittal. Relator asserts that the jury's verdict of acquittal of the rape, upon the issue of consent of the alleged victim, deprives respondent of jurisdiction to proceed with the revocation of probation upon the same ground because of the doctrine of collateral estoppel.

Relator cites and relies upon *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), but that case may be distinguished. There, defendant was

charged with six separate robberies of six people in a poker game, and was tried and acquitted of a robbery of but one of them. The court applied collateral estoppel to set aside a conviction of a second *criminal* trial, which is the distinguishing feature in that the burden of proof upon the state was the same in both cases—that of showing guilt beyond a reasonable doubt. The *Ashe* case did not have in it any issue of the different standards of proof of a criminal case and that of revocation of probation, a civil matter. This issue was touched upon in *State v. Brantley*, 353 S.W.2d 793, 796[1–3] (Mo.1962), where it was said, "A violation of the conditions [of probation] is not a criminal offense, and a proceeding to revoke obviously is not a criminal prosecution within the constitutional provisions." [Brackets added.] It was contended in the Brantley case that an acquittal of burglaries barred the probation revocation, but at page 797[5], it was said that the court was not bound by the verdicts in the burglary cases. Although relator seeks to distinguish the Brantley case upon the ground that the revocation was upon other violations of conditions than the facts of the burglaries, it is obvious that the facts therein bore upon the decision to revoke, in that defendant's explanation overtaxed the credulity of the court, and they showed he failed to live a clean and honest life and to keep good hours, and "conduct 'himself as a peaceable and law-abiding citizen.' "

It appears that the weight of authority in other jurisdictions support the proposition that a probation may be revoked as based upon the facts of a charged criminal offense even though there has been an acquittal of that offense, the rationale being based upon the different standards of proof—a failure of the state to prove guilt beyond a reasonable doubt as measured against the mere preponderance of evidence required in the civil matter of revocation of probation. See Anno. 76 A.L.R.3d 578 (1977); and these further cases: *Standlee v. Rhay*, 557 F.2d 1303 (9th Cir. 1977); *Johnson v. State*, 240 Ga. 526, 242 S.E.2d 53 (1978); *People ex rel. Singletary v. Dalsheim*, 84 App.Div.2d 553, 443 N.Y. S.2d 172 (1981); and *People ex rel. Froats*

*v. Hammock*, 83 App.Div.2d 745, 443 N.Y. S.2d 500 (1981). Compare also *United States v. One Assortment of 89 Firearms*, — U.S. ——, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), holding that an acquittal of criminal charges involving firearms did not bar an in rem forfeiture proceedings against those firearms under the doctrines of collateral estoppel or double jeopardy, because of the difference in the relative burdens of proof in the criminal and civil actions.

Relator cites *People v. Grayson*, 58 Ill.2d 260, 319 N.E.2d 43 (1974), holding contrary to the above cited authorities. That case apparently stands alone, and this court declines to adopt its view. The sum total is that respondent had jurisdiction to consider the facts of the alleged rape offense in the proceedings to revoke relator's probation, and the preliminary rule in prohibition was therefore improvidently granted.

The preliminary rule in prohibition is quashed.

All concur.