Jim **TURNER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 16429.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 13, 1990.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

James R. Turner (Jim Turner) pled guilty to possession of cocaine, a Schedule I controlled substance. Following receipt of a presentence investigation report, imposition of sentence was suspended and Turner was placed on probation.

While on probation Turner was charged with a new offense of selling cocaine. Based upon the new charge, the state filed a motion in Turner's original case seeking revocation of Turner's probation.

Turner received a jury trial on the new charge. The trial was held before the same judge who had presided in Turner's prior case and who, in the prior case, had accepted Turner's plea of guilty and granted probation.

The jury found Turner not guilty on the new charge of selling cocaine. The judge, however, found that Turner had violated his probation in the original case, revoked that probation, and sentenced Turner to confinement for a term of ten (10) years by the Department of Corrections.[1] The conduct which constituted the violation that led to probation being revoked was "that Defendant had violated condition of the order of probation in that he had sold cocaine on March 2, 1987," (the same conduct which constituted the new offense for which the jury found Turner not guilty).

Turner is presently serving the prison sentence imposed following revocation of his probation. He filed a pro se motion to set aside that sentence. The motion was filed December 9, 1987, pursuant to Rule 27.26.[2] Following appointment of counsel for Turner, an amended motion was filed. The amended motion alleged ineffective assistance of counsel as its basis for the relief sought. The trial court entered findings of fact and conclusions of law and judgment denying the post-conviction motion without an evidentiary hearing.

This is an appeal of Turner's Rule 27.26 motion for post-conviction relief. Turner raises only one point on appeal. He asserts that the trial court committed plain error in denying his Rule 27.26 motion. He asserts that this violated the double jeopardy protection afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Missouri Constitution.

Turner's amended post-conviction motion did not raise the double jeopardy issue nor was that issue presented to the trial court.[3] This court is now asked to consider the double jeopardy issue based upon a claim of "plain error." This court

---

1. The record is silent as to any stipulation, agreement by the parties, or court order agreeing or directing that the evidence produced at the jury trial be considered by the judge as evidence for purposes of ruling on the motion to revoke Turner's probation. It appears, however, that there was some type of understanding that the evidence from the jury trial would be considered as evidence in the probation revocation matter. On June 22, 1987, the trial court ordered the probation revocation hearing set for July 16, 1987, the same date as the jury trial in the new criminal charge. Following the evidence being presented in the jury trial, after the jury retired, the judge announced that "the Court is hearing *further evidence* on the alleged violation of the defendant's probation" (emphasis added), and proceeded to do so without objection.

2. Turner was convicted and sentenced, and his motion was pending prior to January 1, 1988; therefore, this proceeding continues to be governed by Rule 27.26. Rule 24.035(*l*).

3. In appellant's brief reference is made to the fact that the trial court "did not address any of the issues presented in appellant's pro se motion." This infers that the pro se motion raised the double jeopardy issue. A review of the pro se motion reveals the grounds stated for vacating the sentence about which appellant complains were unartfully drawn. Even if one could glean the issue of double jeopardy from such a review, the pro se pleading was not what was before the trial court. The amended motion did not incorporate any "grounds" which the pro se motion attempted to raise. Appellant had appointed counsel when the amended motion was filed. The amended pleading presented by counsel was the only one before the trial court. Since appellant was represented by counsel, he had no right to proceed upon the pro se pleading which was supplanted by one subsequently filed by counsel. Appellant had no right to proceed pro se and by counsel. *Price v. State,* 779 S.W.2d 6, 8 (Mo.App.1989).

may consider plain error, although not raised or preserved, if it finds that manifest injustice or miscarriage of justice has occurred as the result of such error. Rule 84.13(c). Thus, consideration of a claim of "plain error" is two-fold. First, there must be an error. Second, if there is an error, that error must have resulted in manifest injustice or miscarriage of justice. In this case, the trial court did not err.

■ Turner's probation was revoked before the jury had arrived at its verdict of not guilty of the new charge. Thus, at the time his probation was revoked, Turner had not previously been acquitted by a jury. Further, even if the sequence of the probation revocation and jury verdict were reversed, Turner's reliance upon double jeopardy as a basis to set aside his sentence is misplaced. Different levels of proof are required in the probation revocation proceeding, a civil matter, and in the criminal trial. *State ex rel. Cooper v. Hutcherson*, 684 S.W.2d 857 (Mo.App.1984). As stated in *Hutcherson*, probation may be revoked based upon the facts of a charged criminal offense, even though the accused is acquitted of the criminal offense, because different standards of proof are required. *Id.* at 858. The criminal offense requires proof beyond a reasonable doubt as measured against the mere preponderance of the evidence in the civil matter of revocation of probation. *See* Annotation, *Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge*, 76 A.L.R.3d 564 (1977).

We affirm.

FLANIGAN, P.J., and MAUS, J., concur.