■ ˙ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN C. CENDER, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: This is an appeal from a judgment of Supreme Court, Cayuga County, rendered on October 2, 1975 after a hearing dismissing relator's application for a writ of habeas corpus. In his petition of August 6, 1975 relator alleges that he is serving a sentence of two years, four months to seven years, that he appeared before the parole board in April, 1974 and in April, 1975 and that on each occasion he was given only a parole decision slip stating "hold one year", and to reappear at a meeting of the parole board one year later. No reason was given for the denial of parole on either occasion. Relator asserts that such actions by the parole board are violative of due process of law, that he is entitled to his release and that habeas corpus is the only remedy available to him. Previously on June 4, 1975 relator had petitioned in an article 78 proceeding for a judgment directing that the chairman of the New York State Board of Parole furnish him with a written statement setting forth the reasons in a meaningful manner why he was denied parole by the parole board at its April, 1975 meeting. Both matters came on to be heard before Special Term on September 30, 1975. The court dismissed the habeas corpus petition, holding that relator was not being held illegally, and granted the relief sought in the article 78 proceeding, directing that the parole board provide a meaningful statement of the reasons for the denial of parole within 25 days, and upon the board's failure so to do, ordering relator's release on parole. Relator's right to a meaningful statement of reasons in support of a determination denying parole release has been clearly established by the courts. The philosophy behind such requirement is well set out in the opinion of Justice Cardamone in *Matter of Cummings v Reagan* (45 AD2d 222). The failure to provide such statement, however, properly is remedied by an application in an article 78 proceeding, which remedy relator successfully sought here. Reliance by relator on *United States ex rel. Schuster v Vincent* (524 F2d 153) in his application for release in habeas corpus is misplaced. In that case the court held that the State was guilty of a flagrant violation of an order on behalf of an inmate of a State institution directing a sanity hearing in 1969 and that that violation required the court to consider the relator constructively paroled in 1969. No allegation is made in this proceeding of any violation of the order of October 2, 1975, obtained by relator in the article 78 proceeding brought by him, which directed his release on parole unless a meaningful statement of the reasons for the denial of his parole was given within 25 days and no basis exists in the record before us for a finding that he is being illegally

detained. (Appeal from judgment of Supreme Court, Cayuga County dismissing writ of habeas corpus.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.