■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLIS CLANTON, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Services, Respondent.—Judgment unanimously affirmed. Memorandum: This is an appeal from a judgment in a habeas corpus proceeding in the Wyoming County Court which denied the writ under relator's contention that the parole revocation proceeding violated his due process rights. Relator was declared delinquent on July 4, 1974 and appeared for his parole revocation hearing on October 9, 1974. At this hearing the relator stated that he was familiar with the charges against him. He was also informed of his right to counsel and his right to have his parole officer present, as well as his right to have his witnesses present and to cross-examine other witnesses. He stated unequivocally that he did not want an attorney nor did he desire the presence of his parole officer. The parole violation report, consisting of six charges, was entered into evidence and the charges read to the parolee one at a time. The relator admitted at the hearing that he had appeared in the City Court of Rochester charged with resisting arrest and harassment. He was represented by counsel and plead guilty to harassment, resulting in a 15-day penitentiary sentence. The decision of the board stated: "Parole violations sustained by admissions to violations to one, two and three and a new conviction and adjudication and the information contained in the parole violation report that eluded [sic] to the six violations. Parole revoked. Hold eighteen months." The parole board met the requirement under *People ex rel. Warren v Mancusi* (40 AD2d 279) of going forward with the burden of proof. In the light of the defendant's admissions, his waiver of his right to counsel and the right to have his parole officer present, the

board acted properly, procedurally and substantively. While the record is not clear as to whether a copy of the charges was served on the relator prior to the hearing, it is significant that he waived his right to counsel and agreed to proceed with the hearing at which the violation of parole report was read to him, after which he made certain admissions and purported explanations. In *People ex rel. Lawrence v Smith* (50 AD2d 1074), we stated: "In this habeas corpus proceeding the record is convincing that the proceedings, culminating in the revocation of relator's parole, comported with all due process requisite under *Morrissey v Brewer* (408 US 471), both in fact and opportunity accorded to relator." (See *People ex rel. Menechino v Warden, Green Haven State Prison,* 27 NY2d 376.) Since there is nothing in the record warranting a finding that relator was illegally detained, the habeas corpus proceeding was properly denied (see *People ex rel. Cender v Henderson,* 51 AD2d 683). (Appeal from judgment of Wyoming County Court, Hanley, J., dismissing writ of habeas corpus.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.