— Appeal from a judgment of the Supreme Court at Special Term, entered October 19, 1976 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, seeking an annulment of respondent’s determination denying him a release on parole. In this proceeding petitioner challenges respondent’s decision in March of 1976 to deny him release on parole at that time. Basically, he argues that respondent’s action was arbitrary and constituted an abuse of its discretion because he was not given an adequate reason for the denial of parole. Finding that this contention was without merit and that respondent had acted in accordance with the relevant provisions of the Correction Law in this matter, Special Term dismissed the petition and this appeal ensued. We agree with the disposition at Special Term. While petitioner was clearly entitled to a meaningful written statement of the reason he was denied release on parole (Correction Law, § 214, subd 6; People ex rel. Cender v Henderson, 51 AD2d 683), such a statement was provided by respondent in this instance. Petitioner was convicted in March of 1966 of rape in the first degree, sodomy in the first degree and assault in the second degree as a result of an armed attack on a 10-year-old girl, and in March of 1976 respondent cited as its reason for denying him release on parole "the serious nature of the crimes charged, Rape and Sodomy on a young girl.” Even though the rape conviction was reversed (People v Gonzague, 25 NY2d 867), the sodomy conviction has not been disturbed and provides sufficient justification for respondent’s action (cf. People ex rel. Howland v Henderson, 54 AD2d 614; People ex rel. Davidson v Henderson, 54 AD2d 602). Judgment affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.