■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN MARTINEZ, Respondent, v WILSON WALTERS, as Superintendent, et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated October 28, 1982, which granted petitioner's application and ordered that he be discharged from custody and restored to parole. Judgment reversed, on the law, without costs or disbursements, and petition dismissed. Clearly, a parolee has a right to counsel at a final parole revocation hearing (Executive Law, § 259-i, subd 3, par [f], cl [v]; *People ex rel. Menechino v Warden,* 27 NY2d 376, 383), but that right may be waived (*People ex rel. McFadden v New York State Bd. of Parole,* 79 AD2d 952, app dsmd 54 NY2d 751; *People ex rel. Lawrence v Smith,* 50 AD2d 1073, mot for lv to app den 38 NY2d 710). Upon our review of the record, we find that the waiver here was knowing, intelligent and voluntary. The hearing officer carefully explained to petitioner what his rights were and what the consequences of a waiver would be. The record makes it clear that petitioner embarked on that course and that he did so with his eyes open (see *People ex rel. Brannaka v Hammack,* 65 AD2d 840; *People ex rel. Coleman v Smith,* 56 AD2d 734; *People ex rel. Clanton v Smith,* 51 AD2d 873, mot for lv to app den 39 NY2d 706; *People ex rel. Lawrence v Smith, supra;* cf. *Matter of Schwartz v Warden,* 82 AD2d 870, app withdrawn 55 NY2d 749; *Matter of Jackson v Hammock,* 82 AD2d 888). The contention that a waiver may not be made in the absence of counsel is not persuasive. The analogy to cases like *People v Hobson* (39 NY2d 479) is inapt. *Hobson (supra),* and its progeny, interdict questioning

by law enforcement personnel once an attorney has entered the criminal proceedings, unless the waiver is made in the attorney's presence. That rule does not apply to waivers made to judicial officers (see *People v White,* 56 NY2d 110, 117-119; *United States v Mohabir,* 624 F2d 1140, 1153) and is similarly out of place in parole revocation proceedings which are not a stage of the criminal prosecution (see *Matter of Utsey v New York State Bd. of Parole,* 89 AD2d 965, 966-967; cf. *Matter of Di Marsico v Whalen,* 49 NY2d 822, affg 68 AD2d 971, 972). Moreover, even if the waiver were ineffective, the appropriate corrective action would be to direct a new hearing, not restoration to parole (*People ex rel. Martinez v New York State Bd. of Parole,* 56 NY2d 588). We also note that while petitioner's counsel complains that the record on appeal is incomplete, we are bound by the record as certified because he failed to move to correct the record and we cannot consider the ex parte statements contained in his brief (*Saraceno v Piscopo,* 16 AD2d 735). In any event, the material in question would not properly be part of the record, since a reviewing court is limited to the material adduced before the agency and there is no power to engage in *de novo* fact finding (*Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 58 NY2d 952, affg 90 AD2d 756; *People ex rel. Rosenthal v Wolfson,* 48 NY2d 230; *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863). Hence, the omissions of which the petitioner complains are irrelevant. Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.