*677 OPINION OF THE COURT
Burton G. Hecht, J.
Upon the foregoing papers this writ of habeas corpus is hereby sustained and the relator is to be restored to parole supervision.
The pertinent background facts are as follows: On January 23, 1986, a parole violation warrant was executed against relator. A preliminary hearing was initially scheduled for January 30, 1986 and later rescheduled for February 3, 1986. On February 3rd relator appeared with his assigned counsel from the Legal Aid Society. Relator was charged with possession of drugs. The hearing was convened and the Division requested an adjournment in order to produce a lab report. The hearing officer granted one adjournment for good cause over counsel’s strenuous objection. The date of February 5, 1986 was set notwithstanding counsel’s statement that he would in all probability be unavailable in that he was scheduled to be on trial. (Relator’s attorney requested February 7th. However, the parole officer said he could not be available.) The hearing officer stated that counsel’s failure to be present on the 5th would constitute a waiver of his appearance.
On February 5, 1986 relator’s preliminary hearing reconvened. The hearing minutes reflect that, upon questioning, the parole officer mistakenly represented that counsel had not objected to an adjournment to February 5th so that he could be present, when in fact he did. In addition, relator explained to the hearing officer that an attorney was necessary in that he wished to raise the legality of the search and the issue of constructive possession and was unable to present the appropriate legal arguments with regard to same. The hearing officer elected to proceed with the hearing on the drug possession charge despite relator’s wish to adjourn the hearing for counsel. Relator chose to stand mute to the charge that he possessed cocaine.
The Division of Parole did not produce the arresting police officer as a witness. Thus, the officer could not verify that he made the arrest and testify as to the circumstances of the search and seizure of the drugs nor was he present to lay a foundation for admitting the lab report and police voucher into evidence. The lab report and police voucher were admitted into evidence based upon the hearsay testimony of Parole Officer Staten of conversations he had with the arresting officer. The parole officer stated that he was not told by the *678 arresting officer exactly whereon relator’s person the drugs were found.
Moreover, prior to the conclusion of the Division’s case, the hearing officer asked relator to cross-examine the parole officer. Relator’s statements during his cross-examination of the parole officer were then used as an opportunity to cross-examine relator who had chosen to exercise his constitutional right to remain silent by standing mute to the charge.
The court determines that under the circumstances the hearing officer clearly erred in preventing relator’s counsel from representing relator at the preliminary hearing and directing that the hearing proceed in counsel’s absence, thereby violating relator’s constitutional rights. (Morrissey v Brewer, 408 US 471 [1972]; People ex rel. Menechino v Warden, 27 NY2d 376 [1971].) Relator has a qualified right to counsel at the preliminary hearing stage of the parole revocation proceedings. (People ex rel. Calloway v Skinner, 33 NY2d 23 [1973].) In the instant case, relator had already secured counsel who in fact had entered into the proceedings. Relator had a good-faith and reasonable basis for his objection to proceeding without an attorney in light of the complex legal issues raised. Moreover, it appears likely from a perusal of the hearing minutes that the hearing officer’s denial of an adjournment was at least in part based upon erroneous information provided him by parole officer.
Furthermore, there was no legal evidence presented at the hearing to support the probable cause finding that relator was in possession of the drugs. The parole officer was unable to testify that the substances analyzed in the police voucher were recovered from relator or where on relator’s person the police officer had obtained the substances. The sole evidence before the hearing officer was the hearsay testimony of the parole officer of his conversations with the arresting officer. Parole Officer Staten had no personal knowledge of the underlying facts, thus depriving relator of his right to confront and cross-examine the witnesses against him. (Executive Law § 259-i [3] [c] [iii]; Morrissey v Brewer, supra.)
The relator made certain admissions at the hearing when he was questioned by the hearing officer. If an attorney were present representing relator he would certainly have made a motion at the end of respondent’s case to dismiss and based upon the evidence presented, that motion would have been granted. The court feels that under the circumstances the attorney would not have permitted his client to testify.
*679 For all the above reasons, the court is of the opinion that relator did not receive substantive due process under the circumstances set forth herein. The writ is sustained.