■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES ROMERO, Respondent, v SALLY JOHNSON et al., Appellants.—In a habeas corpus proceeding based on a failure to afford the petitioner a timely parole revocation hearing with proper notice, the appeal is from a judgment of the Supreme Court,

Queens County (Balbach, J.), dated May 16, 1985, which sustained the writ.

Judgment reversed, on the law, without costs or disbursements, proceeding dismissed, and the petitioner is directed to surrender himself to the Superintendent of Queensboro Correctional Facility.

By executing a waiver of his right to a preliminary parole revocation hearing after being served with the appropriate notices on the day of his return to New York from Oregon, the petitioner waived his right to challenge the timeliness of the parole violation charges filed against him (see, People ex rel. Quinones v New York State Bd. of Parole, 66 NY2d 748, affg 109 AD2d 908; People ex rel. Miller v Walters, 60 NY2d 899, 901; People ex rel. Linares v Dalsheim, 107 AD2d 728, 729; People ex rel. Hatterson v Walters, 100 AD2d 978, 979). The fact that the petitioner was not yet represented by counsel when he executed the waiver did not impair the integrity of the waiver (see, People ex rel. Martinez v Walters, 99 AD2d 476, appeal dismissed 63 NY2d 727). Inasmuch as there is nothing on record to indicate that the subject waiver was not made knowingly and intelligently, it must be given effect (see, Matter of White v New York State Div. of Parole, 60 NY2d 920), notwithstanding its subsequent purported rescission by the petitioner. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.