■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLEN WALKER, Also Known as DONALD BROWN, Appellant, v JAMES SULLIVAN et al., Respondents.—In a habeas corpus proceeding based on an alleged failure to afford the petitioner timely parole revocation hearings, the appeal is from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered April 1, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

By executing a written waiver of his right to a preliminary parole revocation hearing on February 22, 1984, the petitioner effectively waived his right to challenge the respondents' alleged failure to afford him a timely preliminary hearing as well as his right to relief in consequence of their failure to do so *(see, People ex rel. Quinones v New York State Bd. of Parole,* 66 NY2d 748; *People ex rel. Miller v Walters,* 60 NY2d 899; *People ex rel. Romero v Johnson,* 122 AD2d 240; *People ex rel. Linares v Dalsheim,* 107 AD2d 728; *People ex rel. Hatterson v Walters,* 100 AD2d 978). Absent any indication that the peti-

tioner's waiver was not made knowingly and intelligently, it must be deemed effective *(Matter of White v New York State Div. of Parole,* 60 NY2d 920, 922). Excluding periods of delay not chargeable to the respondents, a final revocation hearing was held within the 90-day period prescribed by the Executive Law (Executive Law § 259-i [3] [f] [i]; 9 NYCRR 8005.17 [c] [3]). Accordingly, the proceeding was properly dismissed. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.