■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT MOLL, Appellant, v RAMON RODRIGUEZ, as Commissioner of the New York State Board of Parole, et al., Respondents.— Main, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 30, 1986 in Ulster County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner, serving a sentence of 20 years to life for murder in the first and second degrees, assault in the first and second degrees, and robbery in the first degree, was released on parole in March 1982. In June 1986 he was arrested pursuant to a parole warrant for violating the conditions of his release. At petitioner's request, a preliminary hearing was arranged to determine whether the parole warrant was supported by probable cause. Although petitioner asserted that an attorney from the Public Defender's office had been assigned to his case, no attorney appeared on petitioner's behalf at the hearing. Petitioner further stated that he was incapable of representing himself. The Administrative Law Judge (ALJ) conducting the preliminary hearing stated that he would consider the parole violation charges one by one to determine whether petitioner needed representation by counsel on each charge, noting that petitioner did not have an absolute right to counsel at the hearing. After considering the first charge, consumption of alcoholic beverages, the ALJ found that this charge was not complicated and that petitioner could speak effectively for himself with regard to the charge. Upon being advised by petitioner that he would waive the preliminary hearing rather than proceed in the absence of counsel, the ALJ explained to petitioner the effect of his waiver. Petitioner stated that he understood the effect, and the ALJ accepted the waiver.*

In this habeas corpus proceeding, petitioner contends that the ALJ's denial of his request for counsel was improper and that his waiver of the hearing was therefore ineffective. Supreme Court disagreed and dismissed the proceeding, and we now affirm. Although a parolee has a qualified right to counsel at a preliminary parole revocation hearing, the assistance of counsel is not required in the vast majority of cases (People ex rel. Calloway v Skinner, 33 NY2d 23, 31). In

---

* Because petitioner waived the preliminary hearing after the ALJ had considered only one of the charges against petitioner, the ALJ never determined whether any of the remaining charges against petitioner were of such a nature as to require the assistance of counsel.

contrast, the assistance of counsel is guaranteed at the final revocation hearing *(see, id.; People ex rel. Menechino v Warden,* 27 NY2d 376, 383). In the instance of the preliminary hearing, there are some cases in which fundamental fairness will require the assistance of counsel at the hearing, dependent upon "the peculiarities of particular cases" *(People ex rel. Calloway v Skinner, supra,* at 32). " '[C]ounsel should be provided in cases where * * * the * * * parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of [parole] conditions * * * or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation * * *. In passing on a request for the appointment of counsel, the responsible agency also should consider * * * whether the [parolee] appears to be capable of speaking effectively for himself' " *(supra,* at 31-32, quoting *Gagnon v Scarpelli,* 411 US 778, 790-791). Here, the charge under consideration by the ALJ, consumption of alcoholic beverages, was not so complex a charge as to require assistance of counsel *(cf., People ex rel. Glenn v Bantum,* 132 Misc 2d 676), and the ALJ specifically noted that petitioner was capable of speaking effectively for himself and of understanding the charges against him. Thus, we do not view this case as one in which fundamental fairness affirmatively required assistance of counsel at the preliminary hearing. Further, contrary to petitioner's contention, there is no statutory right to counsel provided in 9 NYCRR 8005.3 (c) (1); all that regulation provides is that counsel will not be barred from a preliminary hearing. Here, there is no claim that petitioner's counsel was barred from the hearing.

Having determined that the ALJ did not improperly deny petitioner's request for counsel, it remains to be determined whether petitioner's waiver of the preliminary hearing was valid. We conclude that it was. The waiver of a preliminary hearing must be knowing, intelligent and voluntary, and the basis for the Hearing Officer's determination of validity must appear in the record *(see, Matter of White v New York State Div. of Parole,* 60 NY2d 920, 922; *People ex rel. Brown v Smith,* 115 AD2d 255). Upon challenging the waiver, the parolee bears the burden of showing that his waiver was not knowingly, intelligently and voluntarily made *(see, People ex rel. Romero v Johnson,* 122 AD2d 240, 241). A waiver will be deemed knowing, intelligent and voluntary when the record reveals that the Hearing Officer explained to the parolee his

rights concerning the hearing and the effect of his waiver *(see, People ex rel. Martinez v Walters,* 99 AD2d 476, *appeal dismissed* 63 NY2d 727).* Here, the ALJ carefully explained to petitioner his rights and the effect of his waiver, and petitioner stated that he understood. He then stated that he desired to waive the preliminary hearing and proceed to the final hearing. On this record, we conclude that petitioner's waiver was knowing, intelligent and voluntary. Accordingly, Supreme Court properly dismissed the proceeding.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.