■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MIGUEL CRUZ, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), dated June 17, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was paroled on March 12, 1981, and was declared delinquent as of May 13, 1981. A Federal warrant was obtained against him, and, on September 24, 1987, the petitioner was arrested in Los Angeles. On September 25, 1987, he waived extradition. On October 6, 1987, the petitioner was served with notice of a scheduled hearing and a copy of the charges against him. On the same date he executed a waiver of his right to a preliminary parole revocation hearing.

The petitioner filed a pro se petition in the Supreme Court, Westchester County. He was later assigned an attorney, who sought to amend the pro se petition to include a claim that the petitioner had not received written notice of the time, place and purpose of a preliminary parole revocation hearing within three days of the execution of the warrant against him (see, Executive Law § 259-i [3] [c] [iii]). The Supreme Court refused to allow the amendment.

The petitioner waived his right to challenge the timeliness of the parole violation charges filed against him when he executed a waiver of his right to a preliminary parole revocation hearing (see, People ex rel. Quinones v New York State Bd. of Parole, 66 NY2d 748; People ex rel. Romero v Johnson, 122 AD2d 240).

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.