■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDGAR WALKER, Appellant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY et al., Respondents.—Judgment of the Supreme Court, Bronx County (Burton Hecht, J.), entered on or about August 24, 1989, which denied petitioner's writ of habeas corpus, unanimously affirmed, without costs.

On May 2, 1989, petitioner was served with a notice of parole violation and a warrant for his retaking. Petitioner was also informed that a preliminary parole revocation hearing was scheduled for May 10, 1989. The hearing, however, was adjourned until May 12, 1989, at which time petitioner, represented by counsel, raised the claim that he had been denied due process because he never received notice concerning the rescheduled preliminary hearing.

The procedural requirements contained in the parole revocation statute represent the minimum procedural due process which must be afforded to a parolee *(People ex rel. Watson v Commissioner of N. Y. City Dept. of Correction,* 149 AD2d 120). While Executive Law § 259-i (3) (c) (iii) and 9 NYCRR 8005.3 (a) mandate that, within three days of the execution of a warrant, the alleged violator must be given notice of the preliminary hearing, the above-cited provisions do not require that prior notice be given concerning a rescheduled preliminary hearing. More significantly, the failure to provide such notice as to the scheduled preliminary hearing does not consti-

tute a violation of petitioner's rights *(People ex rel. McKay v Sheriff of County of Rensselaer,* 152 AD2d 786 [no notice given concerning three-day delay of rescheduled preliminary hearing]). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.