(April 4, 1995)

■ The People of the State of New York ex rel. Luis Melendez, Appellant, v Warden of Rikers Island Correctional Facility et al., Respondents. [624 NYS2d 580] —Order of the Supreme Court, Bronx County (Frank Torres, J.), entered March 31, 1994, which dismissed the petition for a writ of habeas corpus, unanimously reversed, on the law, without costs, the petition granted, the parole warrant vacated and petitioner restored to parole.

On November 29, 1993, petitioner, a parolee, was taken into custody on the authority of a warrant issued pursuant to Executive Law § 259-i (3) (a) (i) and was at the same time served by Parole Officer Anthony Pinero with a Notice of Parole Violation. The Notice indicated that a preliminary hearing upon the charged violation was scheduled for December 9, 1993. The scheduled December 9th hearing, however, was never held, nor was any other hearing scheduled or held upon the alleged violation within 15 days of the warrant's execution, as required by statute (see, Executive Law § 259-i [3] [c] [i]). Petitioner urges that respondent's failure to afford him a timely hearing requires his restoration to parole status. Respondent counters that petitioner waived his right to a preliminary hearing and thus may not be heard to complain that one was never provided within the requisite time frame. The principal evidence offered by respondent of the waiver upon which it would rely is the Notice of Violation form executed by petitioner on November 29th. That form, however, appears to indicate both that petitioner was and was not requesting a preliminary hearing; the box adjacent to each of these mutually inconsistent options was checked and although there appears to be a cross over the request for a hearing and

a circle around the hearing waiver, neither change is initialed, nor is there any indication of the circumstances in which the entries were originally made and then came to be altered. While it was apparently Officer Pinero who assisted petitioner in filling out the form, the only evidentiary affidavit submitted in opposition to the petition is by a different parole officer who, although present when the Notice of Violation was served, could state only that Officer Pinero "had ascertained, after some initial confusion, that [petitioner] had elected to waive his preliminary parole violation hearing." Petitioner, in contrast, has filed an affidavit in which he states that although Officer Pinero advised him that he would be "better off" if he waived the preliminary hearing, he at no time did so or authorized Pinero to complete the Notice of Violation form so as to indicate that a waiver had been made.

Once a parolee taken into custody on a parole violation warrant has unambiguously manifested his or her intention to waive the preliminary hearing to which he or she would otherwise be constitutionally entitled (see, Morrissey v Brewer, 408 US 471, 485), if the parolee in subsequently commenced habeas corpus proceedings challenges the validity of the waiver, it is, of course, his or her burden to demonstrate that the waiver, however clearly manifested, was nonetheless defective because it was uninformed, unintelligent and/or involuntary (see, Matter of White v New York State Div. of Parole, 60 NY2d 920, 922; People ex rel. Walker v Sullivan, 128 AD2d 572, lv denied 70 NY2d 613; People ex rel. Moll v Rodriguez, 132 AD2d 766, 767, lv denied 70 NY2d 611). A waiver, however, particularly of a constitutionally guaranteed due process entitlement such as the one here at issue, will not in the first instance be presumed (see, Johnson v Zerbst, 304 US 458, 464), and it is accordingly the proponent of the waiver who must initially establish that the waiver was in fact made. This is usually done by adducing a writing clearly and unambiguously documenting the individual's intention to relinquish his or her right (see, e.g., People ex rel. Quinones v New York State Bd. of Parole, 66 NY2d 748; Matter of White v New York State Div. of Parole, supra; People ex rel. Walker v Sullivan, supra; People ex rel. Romero v Johnson, 122 AD2d 240).

No such proof has been adduced by the proponent of the presently alleged waiver. The notice form proffered by respondent, with its contradictory entries and unexplained amendments manifestly fails to establish the claimed relinquishment. Nor are doubts as to the waiver's authenticity, naturally arising from the highly inconclusive nature of the docu-

ment by which the waiver would ordinarily be established, in any way dispelled by respondent's aforesaid affidavit which, while acknowledging petitioner's "initial confusion", sheds no light on how this "confusion" was ultimately resolved; the affiant's bare and otherwise unsupported assertion, apparently on the basis of information and belief, that the petitioner eventually waived his right to a preliminary hearing was not sufficient in the face of the strong presumption against the waiver of a constitutionally guaranteed due process entitlement to sustain respondent's claim of waiver, even to the extent of an evidentiary hearing.

Accordingly, as respondent has not come forward with adequate prima facie evidence of the waiver upon which it would rely, and it is otherwise clear that petitioner's entitlement to a timely preliminary hearing was violated, the petition should be granted and petitioner restored to parole status *(see, Matter of Emmick v Enders,* 107 AD2d 1066, *appeal dismissed* 65 NY2d 1050; *Matter of Byrne v Hammock,* 97 AD2d 823).* Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.