■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL WILLIAMS, Appellant, v KEVIN WALSH, as Sheriff of Onondaga County, et al., Respondents. [661 NYS2d 371] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition in this habeas corpus proceeding. Petitioner contends that he was not given timely notice of the parole violation and preliminary hearing because the notice was served on December 31, 1996, more than three days after the execution of the parole violation warrant on December 27, 1996. The preliminary hearing was conducted, as scheduled, on January 8, 1997. In response, respondents argue that petitioner was not prejudiced by the one-day delay in service of the notice.

Executive Law § 259-i (3) (c) (iii) provides that an alleged parole violator be given notice of the parole violation and preliminary hearing "within three days of the execution of the warrant". The purpose of the three-day rule is to provide an alleged parole violator with adequate notice of the time, date and place

of the preliminary parole revocation hearing, and to inform the alleged parole violator of the basis for the violation and of his rights in connection with the hearing to enable him to prepare. Failure to comply with the three-day rule, however, does not directly affect the right to be restored to parole, unlike the failure to comply with Executive Law § 259-i (3) (c) (i) and (f) (i) (*see, Matter of White v New York State Div. of Parole*, 60 NY2d 920, 922; *People ex rel. Gonzalez v Dalsheim*, 52 NY2d 9; *People ex rel. Melendez v Warden*, 214 AD2d 301, 303).

Although the notice here was served one day after the statutory three-day period, the preliminary hearing was held in a timely manner. Petitioner did not request an adjournment to prepare for the hearing or contend that he lacked adequate notice of the basis for the parole violation. Nor does petitioner contend that he was prejudiced by the one-day delay. Under the circumstances, we conclude that the one-day delay does not require dismissal of the parole violation warrant and petitioner's restoration to parole. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Habeas Corpus.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.