*470 OPINION OF THE COURT
Richard Lee Price, J.
By writ of habeas corpus submitted December 7, 2011, petitioner moves for an order vacating her parole warrant and releasing her from the custody of New York State Department of Corrections and Community Supervision (respondent or DOCCS). Specifically, petitioner asserts the notice of the charged parole violations that DOCCS served on her was defective, thus depriving her of the right to a preliminary parole revocation hearing in violation of the Due Process Clauses of the Fourteenth Amendment and the New York State Constitution, and Executive Law § 259-i (3) (c) (i), (iii) and (iv). By decision dated December 21, 2011, this court dismissed petitioner’s writ. This expands that decision.
Background and Procedural History
On February 27, 2009, judgment was entered against petitioner in Supreme Court, Bronx County, as a youthful offender upon her conviction of assault in the second degree. Petitioner was sentenced to an indeterminate term of four years’ imprisonment with a mandatory minimum period of IV2 years.
On December 10, 2010, petitioner was conditionally released to DOCCS supervision. In connection with her conditional release, petitioner signed a document entitled “Certificate of Release to Parole Supervision” (see respondent’s exhibit A). By signing this document, petitioner agreed to comply with the terms and conditions set forth in it, including the following:
“CONDITIONS OF RELEASE . . .
“8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others. . . .
“9.1 will not own, possess, or purchase any shotgun, rifle, or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in Penal Law or dangerous knife, disk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of causing physical injury without a satisfactory explanation for ownership, possession or purchase. . . .
*471 “11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.”
DOCCS contends that on October 4, 2011, petitioner reported to her assigned parole officer, Parole Officer Thomas Vega (PO Vega), as required, at which time she tested positive for marijuana use. The same day, DOCCS issued a violation of release report charging her with four violations of the above-stated conditions of release (see respondent’s exhibits E, I, respectively). DOCCS then issued parole warrant No. 636860.
Also on October 4, 2011, PO Vega served petitioner with the charge sheet (page one) of the violation of release report (see respondent’s exhibit E), the certificate of release to parole supervision (see respondent’s exhibit A) and the notice of violation (see respondent’s exhibit H). PO Vega then informed petitioner of the charged violations and her right to both a preliminary and final hearing as well as their timing and purpose. PO Vega further stated, “I also informed petitioner that she could choose to waive the Preliminary Hearing if she so chose and the implications of said waiver. Satisfied that petitioner understood this, I asked her what she wished to do.” After doing so, PO Vega indicated that petitioner indeed waived her right to a preliminary hearing by checking the box on the notice of violation form indicating “I do NOT wish to have a preliminary hearing.” Petitioner then signed and dated the form (see Declaration of Parole Officer Vega, respondent’s exhibit B).
Petitioner asserts that because PO Vega provided her with the violation of release report charge sheet (page one) and not the case summary (page two), DOCCS failed to provide her with proper notice pursuant to Executive Law § 259-i (3) (c) (iii), thus rendering her waiver of the preliminary hearing invalid. This court disagrees.
Discussion
Executive Law § 259-i (3) (c) (iii) provides:
“[t]he alleged violator shall, within three days of the execution of the warrant, be given written notice of the time, place and purpose of the [preliminary] hearing . . . [which] shall state what conditions of presumptive release, parole, conditional release or post-release supervision are alleged to have been violated, and in what manner.”
*472 The purpose of this requirement is to give an alleged parole violator adequate notice of the time, date and place of the preliminary parole revocation hearing, inform the parolee of the basis for the violation, and enable him/her to adequately prepare (People ex rel. Williams v Walsh, 241 AD2d 979 [4th Dept 1997], lv denied 90 NY2d 809 [1997]). With this purpose in mind, courts have consistently held that failure to give an alleged parole violator notice of rescheduled preliminary hearings neither violates a parolee’s due process rights nor entitles him to be restored to parole (Walsh at 979; People ex rel. Walker v Warden of Rikers Is. Correctional Facility, 162 AD2d 107 [1st Dept 1990]; see also People ex rel. McKay v Sheriff of County of Rensselaer, 152 AD2d 786 [3d Dept 1989], lv denied 74 NY2d 616 [1989]).
An alleged parole violator must also be afforded a preliminary hearing “no later than fifteen days from the date of the execution of the [parole] warrant” (see Executive Law § 259-i [3] [c] [i], [iv]). Abrogation of the 15-day rule is a due process violation that entitles a parolee to be restored to parole (see Matter of White v New York State Div. of Parole, 60 NY2d 920, 922 [1983]; People ex rel. Melendez v Warden of Rikers Is. Correctional Facility, 214 AD2d 301, 303 [4th Dept 1995]).
Petitioner claims that DOCCS deprived her of the right to a preliminary hearing because her waiver of it was invalid. Waivers generally are not presumed valid (People ex rel. Melendez v Warden of Rikers Is. Correctional Facility, 214 AD2d 301, 302 [1995]). But when a waiver is executed, it is the petitioner who bears the burden of demonstrating it was invalid (Matter of White v New York State Div. of Parole, 60 NY2d 920, 922 [1983]; see also People ex rel. Walker v Sullivan, 128 AD2d 572 [1987]; People ex rel. Moll v Rodriguez, 132 AD2d 766, 767 [3d Dept 1987], lv denied 70 NY2d 611 [1987]). A waiver is valid when it is made knowingly, intelligently and voluntarily (White at 922; Moll at 767). And, absent an indication that the petitioner’s waiver was not made knowingly, intelligently and voluntarily, a waiver of preliminary hearing must be deemed valid (White at 922; Moll at 767).
Petitioner asserts that DOCCS was required to provide her with both the charge sheet and case summary pursuant to Executive Law § 259-i (3) (f) (iv). She further argues that omission of the case summary renders the notice defective. It does not. Executive Law § 259-i (3) (f) (iv) only requires that parolees be given written notice of the rights afforded them when charged *473 with a parole violation, which petitioner was (see respondent’s exhibit H). While it is certainly preferable to include the case summary with the notice, its absence is not fatal. Rather, it is the adequacy, not the totality, of the notice that matters (People ex rel. Arvelo v Warden, Rikers Is. Corr. Facility, Sup Ct, Bronx County, July 7, 1991, Wittner, J., indictment No. 2563/1991).
Whether or not petitioner’s waiver was knowing, intelligent and voluntary, then, depends on the sufficiency of the notice DOCCS gave her. In making such a determination, courts look to the consistency of the documents served and the parole officer’s statements (People ex rel. Adams v Warden of Penitentiary of City of N.Y., 8 Misc 3d 1010[A], 2005 NY Slip Op 51014[U] [2005]; contra or cf. People ex rel. Melendez v Warden of Rikers Is. Correctional Facility, 214 AD2d 301, 302 [1995] [the court found that statements and forms were inconsistent and therefore did not establish a valid waiver]).
Here, petitioner received a “Notice of Violation” and page one of the “Violation of Release Report,” colloquially known as the “charge sheet.” Together, they provided clear and unambiguous notice of the alleged violations, explained the right to a preliminary hearing, the right to waive it, and consequences of doing so, and are consistent with PO Vega’s statements regarding their service on petitioner (see respondent’s exhibit C). Petitioner was, most assuredly, well aware of the charges against her, which were no different than those she later received by mail. That she was not served with the “case summary” is of no consequence. To accept petitioner’s assertion, then, would serve no purpose other than to provide parolees with the opportunity “to sign preliminary hearing waivers and then automatically reverse any revocation of parole determination against them on the ground that they did not pay attention to the substance of the document they were signing” (People ex rel. Adams v Warden of Penitentiary of City of N.Y., 8 Misc 3d 1010[A], 2005 NY Slip Op 51014[U], *5 [2005]). This, the court cannot do.
Conclusion
This court finds that the petitioner received timely and proper notice of the charged parole violations and the preliminary hearing pursuant to Executive Law § 259-i (3) (c) (iii). This court also concludes that petitioner’s waiver of her right to a preliminary hearing was knowing, intelligent and voluntary, thus in compliance with Executive Law § 259-i (3) (c) (i) and (iv). Petitioner’s writ of habeas corpus is therefore denied.