Matter of Berger v Arteta (2024 NY Slip Op 24208)

[*1]

Matter of Berger v Arteta

2024 NY Slip Op 24208

Decided on July 12, 2024

County Court, Orange County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 12, 2024
County Court, Orange County

In the matter of the application of Christopher G. Berger, Esq., Petitioner 
 for a Writ of Habeas Corpus to inquire into the detention of Carol Ntuli, Petitioner,

against
Paul Arteta, SHERIFF OF ORANGE COUNTY, DANIEL F. MARTUSCELLO III, ACTING COMMISSIONER NEW YORK STATE DEPT. OF CORRECTIONS AND COMMUNITY SUPERVISION, DIVISION OF PAROLE, Respondents.

Index No. SMZ-70381-24/001

CHRISTOPHER G. BERGER, ESQ.
Attorney for Petitioner
6 McNamara Drive
Campbell Hall, New York 10916
LETITIA JAMES, ATTORNEY GENERAL
OF THE STATE OF NEW YORK
Attorney for Respondent Martuscello,
Acting Commissioner of DOCCS
One Civic Center Plaza, Suite 401
Poughkeepsie, New York 12601
RICHARD B. GOLDEN
ORANGE COUNTY ATTORNEY
Attorney for Respondent
Sheriff Paul Arteta
255-275 Main Street
Goshen, New York 10924

Craig Stephen Brown, J.

Petitioner has filed a petition seeking habeas corpus relief.
The following papers were read:
Writ of Habeas Corpus - Verified Petition - 1-3
Annexed Exhibits
Upon the foregoing papers, and upon the oral arguments held before this Court on May 17, 2024, it is hereby ORDERED that the petitioner's application is denied and the petition is dismissed. All other requested relief is denied.
Petitioner is a releasee under parole supervision who was charged with a parole violation. Petitioner waived the parole preliminary hearing on April 4, 2024 prior to the assignment of counsel and prior to the recognizance hearing (see Exhibit C annexed to the Verified Petition). Petitioner essentially argues that she should not have been allowed to waive the preliminary hearing without the benefit of counsel and prior to the recognizance hearing. Petitioner alleges that by allowing her to waive the preliminary hearing "before meeting with counsel, NYSDOCCS engaged in an end-around to deny the releasee from making an intelligent waiver with the assistance of counsel..." (Verified Petition, paragraph 7). The issue presented requires the Court to determine whether the right to counsel applies prior to a recognizance hearing at the time a releasee waives a preliminary hearing.
Appellate cases which are binding upon this trial court have specifically addressed the issue of waiving a preliminary hearing without the assistance of counsel. In People ex rel. Romero v. Johnson, 122 AD2d 240 [2nd Dept., 1986], the petitioner sought a writ of habeas corpus after "executing a waiver of his right to a preliminary parole revocation hearing" without counsel. The Appellate Division, Second Department held that, "The fact that the petitioner was not yet represented by counsel when he executed the waiver did not impair the integrity of the waiver" (People ex rel. Romero v. Johnson, 122 AD2d 240, 241 [2nd Dept., 1986] citing People ex rel. Martinez v. Walters, 99 AD2d 476, 470 NYS2d 56, appeal dismissed 63 NY2d 727, 480 NYS2d 205, 469 NE2d 526). The Appellate Division, Second Department further held that, "Inasmuch as there is nothing on record to indicate that the subject waiver was not made knowingly and intelligently, it must be given effect notwithstanding its subsequent purported rescission by the petitioner" (People ex rel. Romero v. Johnson, 122 AD2d 240, 241 citing Matter of White v. New York State Div. of Parole, 60 NY2d 920, 470 NYS2d 581, 458 NE2d 1258). The Court notes that the petitioner in the matter sub judice, like the petitioner in Romero, asserted that the waiver was subsequently rescinded (see Exhibit B annexed to Verified Petition). Further, as in Romero, "there is nothing on record to indicate that the subject waiver was not made knowingly and intelligently" (People ex rel. Romero v. Johnson, 122 AD2d 240, 241 [2nd Dept., 1986]), therefore, the waiver must be given effect.
The Court is cognizant of the "Less is More" legislative amendments to the Executive Law which became effective in 2022. Pursuant to said legislation, those being charged with a parole violation are entitled to an attorney at recognizance hearings and at preliminary and final [*2]hearings. However, a review of the Executive Law as amended reveals that the Legislature did not provide releasees with the right to an attorney prior to the recognizance hearing. Thus, the absence of counsel prior to a recognizance hearing and at the time the releasee is being charged with a parole violation does not make any waiver made at such time void or invalid. "Absent any indication that the petitioner's waiver was not made knowingly and intelligently, it must be deemed effective" (People ex rel. Walker v. Sullivan, 128 AD2d 572 [2nd Dept., 1987]). While the legislation favors the presumptive release of the releasee, it does not afford the releasee the right to counsel prior to the recognizance hearing.
An argument could be made that the releasee's waiver was not "truly" a knowing and intelligent wavier because the releasee relied upon the presumptive release provision in waiving her preliminary hearing, and upon being remanded without bail there was a change in circumstances which justified a rescission of the waiver by the releasee. This might be a compelling argument given that she did not have the benefit of counsel when she made her decision to waive the preliminary hearing, however, those facts were not established during the course of the recognizance hearing, nor were they supported by any sworn statements submitted in support of the instant writ. Petitioner has relied solely upon the absence of counsel (see Verified Petition) to establish that petitioner's waiver "was not made knowingly and intelligently" (id. at 572). As petitioner had no right to counsel at the time that she executed the waiver, the mere absence of counsel is insufficient to invalidate the waiver. Accordingly, the petitioner's application to void the written waiver, dismiss the parole violation, and release the petitioner from custody must be denied (see People ex rel. Duchnowski v. New York State Div. of Parole, 123 AD3d 1156 [2nd Dept., 1014]; People ex rel. Cruz v. Sullivan, 150 AD2d 742 [2nd Dept., 1989]); People ex rel. Moll v. Rodriguez, 132 AD2d 766 [3rd Dept., 1987]; People ex rel. Stubbs v. Irvin, 258 AD2d 942 [4th Dept., 1999]).
The foregoing constitutes the Decision, Order, and Judgment of this Court.
So ordered.
Dated: July 12, 2024
HON. CRAIG STEPHEN BROWN
COUNTY COURT JUDGE