■ The People of the State of New York ex rel. Walter Johnson, Appellant, v New York State Board of Parole et al., Respondents.— Judgment, Supreme Court, Bronx County, entered February 8, 1979, sustaining petitioner's writ of habeas corpus only to the extent of directing a new final revocation hearing, unanimously modified, on the law, without costs or disbursements on the appeal, to the extent of vacating the order directing a new final parole revocation hearing, vacating the parole revocation warrant and reinstating petitioner to the status of a parolee. Petitioner, while on parole, was arrested on July 31, 1978, on an unrelated charge. Subsequently, on August 3, 1978, petitioner was convicted on a plea of guilty to a misdemeanor and was sentenced to a six-month term. On August 23, 1978, he was served with a notice of violation of parole, and he thereupon waived his right to a preliminary revocation hearing. The final parole revocation hearing was held on November 20, 1978, 89 days after he had waived to a preliminary hearing. We are in agreement with the trial court's determination that the final parole revocation hearing was legally insufficient, since petitioner was given no prior notice of the date on which the final revocation hearing would be held and since he was not furnished with a copy of the report of violation of parole setting forth the charges until after the hearing had been concluded. Respondent does not contest the petitioner's assertion that no prior notice of the hearing was given, but, pointing to the fact that the revocation hearing was held within the 90-day period provided for in the statute (Executive Law, § 259-i, subd 3, par [f], cl [iii]), suggests that the court properly directed that a new final parole revocation hearing be held within 90 days. We disagree. The statute further directs the alleged violator be given "written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date" (Executive Law, § 259-i, subd 3, par [f], cl [iii]). Respondent here did not comply with the statutory direction, but, rather, conducted a hearing with no prior notice to the alleged violator. This was insufficient compliance with the statutory provision. It has been held that the statute should be strictly construed, since the legislative purpose was to create a time period beyond which there was to be no delay *(People ex rel. Levy v Dalsheim,* 66 AD2d 827). The Legislature obviously intended to avoid what had previously been the practice of making *ad hoc* determinations as to whether particular delay was or was not reasonable under the circumstances. The statute now clearly provides that delay beyond 90 days after

the probable cause determination, or after waiver of the right to a preliminary revocation hearing, is unreasonable per se *(People ex rel. Levy v Dalsheim, supra)*. Here, the failure to give notice within the period required by the statute rendered invalid the purported final revocation hearing which had been held. We agree with the Second Department determination in *Dalsheim (supra)*, that the only appropriate remedy to rectify a violation of the statute is vacatur of the warrant and reinstatement of parole. To hold otherwise would undermine the legislative purpose and render meaningless the statutory direction contained in section 259-i of the Executive Law. *People ex rel. Cruz v New York State Board of Parole*, (70 AD2d 790) is distinguishable from the situation here. In *Cruz*, there was a 92-day delay between the time petitioner there waived the preliminary revocation hearing and the date on which the final parole revocation hearing was held, two days beyond the period provided for in the statute. However, in *Cruz (supra)*, during part of that period of time, petitioner was on trial on the charge which led to the parole revocation charge and, accordingly, may not have been available to participate in a hearing held within the 90-day period (Executive Law, § 259-i, subd 3, par [f], cl [i]). No such considerations are involved in this case. Here, there was a clear failure by respondent to comply with the statute, by failing to give proper advance notice of the date scheduled for the final parole revocation hearing, and a further failure on the part of respondent to give a copy of the report of the violation of parole until after the revocation hearing had been held. Under the circumstances, the appropriate remedy to rectify the statutory violation is vacatur of the parole revocation warrant and reinstatement of petitioner to parole. The second revocation hearing held pursuant to the judgment appealed from does not constitute compliance with the statute. To rely upon it would render the statute a nullity. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.