■ PEOPLE OF THE STATE OF NEW YORK ex rel. HECTOR RIVERA, Also Known as JOHN ROSARIO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — Order, Supreme Court, Bronx County (Hecht, J.), entered April 23, 1981, sustaining petitioner's writ of habeas corpus to extent of vacating respondents' finding of a parole violation and directing that petitioner be granted a new final parole revocation hearing; reversed, on the law, to extent appealed from and writ granted, without costs. Petitioner, a parolee charged with assorted violations of his parole status, was produced for his final revocation hearing on the 82nd day after the preliminary hearing in which probable cause was found. Appearing without counsel, petitioner testified that he had never received either a notice of the hearing or a parole violation report. The record establishes that appropriate notice was mailed to him at Rikers Island some five days before the scheduled hearing. The issue raised by petitioner's denial of receipt was not resolved. In response to questions, petitioner waived his right to be represented by an attorney, agreed to proceed with the hearing, and acknowledged guilt of several parole violations. Respondents thereafter revoked petitioner's parole. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law provides in pertinent part, and with exceptions not here relevant, that: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination." Section 259-i (subd 3, par [f], cl [iii]) of the Executive Law provides in pertinent part that the alleged violator: "shall be given written notice of the date, place and time of the hearing * * * at least fourteen days prior to the scheduled date." Assuming that petitioner had received the notice mailed to him some five days prior to the hearing, a fact not clearly established in the record, it is clear that the

notice was not timely. It is equally clear that the date on which such notice was mailed was incompatible with the holding of the revocation hearing within 90 days of the probable cause determination after the mandated 14-day notice. At the time petitioner waived his rights, he was not informed that respondents could not conduct the revocation hearing within the time prescribed by law. That circumstance by itself renders the waiver wholly ineffective. Accordingly, we need not consider whether or not the uncounseled waiver would have been otherwise legally effective, but we note that in similar circumstances this court implicitly denied legal effect to such a waiver. (See *People ex rel. Johnson v New York State Bd. of Parole,* 71 AD2d 595.) As also noted in *Johnson* (at p 596), "the appropriate remedy to rectify the statutory violation is vacatur of the parole revocation warrant and reinstatement of petitioner to parole." (See, also, *People ex rel. Levy v Dalsheim,* 48 NY2d 1019.) Concur — Birns, Sandler, Ross and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: On June 18, 1980, petitioner was paroled. There were three acknowledged parole violations plus the fact that on September 4, 1980 he was sentenced to one year in prison for further crimes. On October 17, 1980, a parole violation warrant was lodged against him. Probable cause was found at a preliminary parole revocation hearing on October 31, 1980. A final parole revocation hearing was scheduled on December 17, 1980 for January 15, 1981, well within the "90 days" period. Notice was mailed to petitioner on December 17, 1980 for the January 15 hearing well within the "fourteen days" period. It was mailed to petitioner at the Brooklyn House of Detention. The notice was not returned. Petitioner was at Rikers Island at the time. When petitioner was not produced at the January 15, 1981 hearing, it was rescheduled for January 21, 1981, and a new notice was mailed on January 16, 1981. He appeared on January 21 and acknowledged his violations, whereupon on February 5, 1981 he was found guilty of parole violation and his parole revoked. Respondents cannot be held responsible for the checkered career of the petitioner, which may *(not must)* have prevented his receipt of notice. In any event, the second notice was in the nature of a continuance, not really a new proceeding. The majority memorandum applies numbers in a way that would have astounded Pythagoras, and its logic would have lead Socrates to the hemlock on an expedited basis.