■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELDRIDGE LEVY, Appellant, v WILSON WALTERS, as Superintendent of the Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered April 21, 1981, which denied the petition and dismissed his writ. Judgment reversed, on the law, without costs or disbursements, the petition is granted, with prejudice, and petitioner is restored to parole status under the conditions heretofore in effect. Respondents concede that petitioner was not served with the report of parole violation until the day of his final revocation hearing. In addition to this failure to inform him in advance of the charges, petitioner claims he was not given at least 14 days' advance notice of the hearing date. The respondents reply by merely stating that their timely initial notice was returned to them as not delivered, and that their second notice, also timely, was not returned; therefore, they argue that these efforts, coupled with petitioner's admitted receipt of a third though tardy notice, were sufficient compliance with the statutory requirements (see Executive Law, § 259-i, subd 3, par [f], cls [i], [iii], [iv]), in view of the fact that petitioner could not deny the fact that some of the charges were based on two new criminal convictions. We cannot agree with Special Term's attempt to distinguish these facts from those in *People ex rel. Johnson v New York State Bd. of Parole* (71 AD2d 595; see, also, *People ex rel. Rivera v New York State Div. of Parole,* 83 AD2d 918). The fact that petitioner had *some* notice, rather than none at all, in advance of the final revocation hearing is irrelevant; the issue is the *adequacy* of that notice. Even were we to find that nondelivery of the first and nonreturn of the second of these mailed notices were sufficient to meet the statutory 14-day advance notice requirement, we would reverse because petitioner is entitled to not only *timely* notice, but also *informative* notice, detailing the charges against him. Such was lacking in this case (see *People ex rel. Johnson v New York State Bd. of Parole, supra*). The judgment must therefore be reversed, the petition granted and petitioner restored to parole status. Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.