OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioner, while on parole in New York State, absconded to Mississippi where he was subsequently convicted of a crime and sentenced to a term of eight years’ imprisonment. On January 15, 1982, a parole violation warrant was lodged by respondent against petitioner. By letter dated February 1, 1982, petitioner advised respondent that he was waiving his right to a preliminary parole revocation hearing and his right to be present at the final hearing. Even though requested by petitioner to conduct the final hearing in his absence, respondent disregarded the request and instead corresponded with Mississippi officials for a period of four months in an effort to secure petitioner’s return to New York for a hearing. Respondent was eventually informed by the Mississippi officials that to secure petitioner’s release, it would have to arrange for the Governors of New York and Mississippi to execute an executive agreement whereby New York would agree to pay the cost of transporting petitioner to New York and to return him to Mississippi after the hearing. No further action was taken by either side until May, 1983 when petitioner was paroled in Mississippi and returned to New York.
On petitioner’s application made June 2, 1982, the parole violation warrant was annulled and vacated by Special Term, and the Appellate Division affirmed on the *922 ground that respondent had not satisfied its burden of demonstrating that petitioner was not within its convenience and practical control, citing People ex rel. Gonzales v Dalsheim (52 NY2d 9). We affirm, but on a different ground.
Petitioner waived his rights to a preliminary hearing and to be present at the final hearing. Inasmuch as there is nothing in the record to indicate that such waiver was not made knowingly and intelligently, the waiver was effective and there was nothing to prevent respondent from proceeding in petitioner’s absence. Indeed, it was required to proceed. The failure to do so within the time period prescribed by the statute (Executive Law, § 259-i), requires that the parole violation warrant be dismissed. (People ex rel. Gonzales v Dalsheim, supra.) In view of this disposition, there is no need to consider whether and at what time petitioner came within respondent’s convenience and practical control for the hearing could have and should have been held in his absence.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, without costs, in a memorandum.