OPINION OF THE COURT
Burton G. Hecht, J.
Upon the foregoing papers this writ of habeas corpus is hereby granted and the relator is to be restored to parole supervision. The court determines that relator was denied his right to attend his preliminary parole revocation hearing and any purported waiver of that right was legally ineffective. Thus relator was not afforded a preliminary hearing within 15 days of the execution of a parole warrant. (See Executive Law, § 259-i, subd 3, par [c], cl [i].)
Briefly, the pertinent background facts are as follows. The relator was served with a notice of parole violation on November 10, 1983 informing him of the charges. Said notice also advised relator that he was scheduled to receive a preliminary hearing on November 16,1983. On that date relator was not produced for the hearing at Rikers Island nor was he on the original list of inmates to be produced. The record reflects that Parole Officer Radacinski testified that he was informed by a clerk at the Bronx House of Detention (where relator was housed) that relator had refused to attend the parole revocation hearing.
Although relator’s refusal to attend was noted on the back of his “detention card”, a signed refusal form was not *958 submitted by the division in support of respondent’s contention of waiver. Moreover, it was not alleged that any signed refusal would be forthcoming. At that point, the hearing officer went ahead with the hearing in absentia and deemed relator to have waived his right to be present at said hearing. Subsequently, the hearing officer found that there was probable cause to hold relator for a final hearing.
It was error for the hearing officer to conduct the hearing in absentia based upon the hearsay statements of a parole officer who was informed by a clerk at the institution that Mr. Williams refused to attend his hearing. (People ex rel. Rodriguez v New York State Bd. of Parole, Supreme Ct, Bronx County, Hecht, J.)
Waiver of the right to be present at the hearing must be knowingly, voluntarily and intelligently made to comport with due process standards. (Johnson v Zerbst, 304 US 458.)
The Appellate Division, Second Department, addressed the question of waiver of appearance at a final revocation hearing and stated: “A finding of a waiver of the constitutional right to attend a final revocation hearing requires legal proof and may not be founded on hearsay.” (People ex rel. Griffin v Walters, 83 AD2d 618, 619.)
The court notes that the preliminary hearing of November 16, 1983 was the first hearing date scheduled in this matter and only six days had elapsed from service of the notice of parole violation on relator. Clearly, there was ample opportunity to reschedule the matter within the 15-day time limitation. The hearsay testimony of the parole officer and notation marked on relator’s card do not constitute legal evidence in support of a waiver. Thus, relator’s due process rights were violated in that he did not receive a proper preliminary hearing within 15 days.
The only appropriate remedy for such a due process violation is vacatur of the warrant and reinstatement to parole. To hold otherwise would undermine the legislative purpose and render meaningless the statutory direction contained in section 259-i of the Executive Law. (People ex rel. Levy v Dalsheim, 66 AD2d 827.) Respondents argue that relator should in the alternative be afforded a new *959 hearing on the authority of People ex rel. Martinez v New York State Bd. of Parole (56 NY2d 588). Martinez is distinguishable from the situation here. In Martinez (supra), relator’s final parole revocation hearing was held on the 81st day of the 90-day statutory period. There were three adjournments (two at relator’s request) prior to the holding of a hearing in relator’s absence owing to his presence at a criminal trial.
As previously stated, there were no prior adjournments in the instant matter. The writ is sustained.