■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARK B. McKAY, Respondent, v SHERIFF OF THE COUNTY OF RENSSELAER et al., Appellants.—Kane, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), entered March 24, 1988, which sustained a writ of habeas corpus, in a

proceeding pursuant to CPLR article 70, and discharged petitioner.

On October 28, 1987, petitioner was served with a notice of parole violation and a warrant for his retaking. A preliminary parole revocation hearing was originally scheduled for November 6, 1987; however, it was adjourned until November 9, 1987. Petitioner refused to attend the rescheduled hearing and signed a refusal form entitled "Undelivered Defendant". The hearing was conducted in petitioner's absence and the Hearing Officer determined that there was probable cause that petitioner violated his parole and, therefore, scheduled a final revocation hearing. The record is unclear as to when the final hearing was actually held. However, on or about February 22, 1988, petitioner commenced this habeas corpus proceeding seeking his release. County Court sustained the writ, without opinion, and respondents have appealed.

We reverse. Initially, we reject petitioner's claim that the Hearing Officer's decision to proceed with the preliminary hearing in his absence was based on inadmissible hearsay. An intentional refusal to attend a preliminary revocation hearing establishes the waiver of an alleged violator's right to be present and permits the hearing to proceed without him *(see, Matter of White v New York State Div. of Parole,* 60 NY2d 920, 922). It is true that a waiver of this right must be knowingly and intelligently made *(see, supra)* and the decision to proceed in absentia may not be based on hearsay information *(see, People ex rel. Griffin v Walters,* 83 AD2d 618; *People ex rel. Richman v Warden,* 122 Misc 2d 957, 958). Here, a parole officer did offer hearsay testimony concerning petitioner's refusal to attend. The Hearing Officer, however, was also given the "Undelivered Defendant" form, signed by petitioner, which acknowledged his refusal to attend. He signed without setting forth his reasons for refusal and registered no grievances regarding his refusal. Additionally, the Hearing Officer specifically based his decision to proceed without petitioner on this signed form. We find nothing improper in the Hearing Officer's reliance on this form and, in our view, petitioner effected a knowing and intelligent waiver of his right to appear.

We also disagree with petitioner's assertion that the three-day delay in the preliminary hearing violated his rights under Executive Law § 259-i (3) (c) (iii) and 9 NYCRR 8005.3 (a). Executive Law § 259-i (3) (c) (iii) mandates that within three days of the execution of a warrant the alleged violator be given notice of the preliminary hearing date. Similarly, under

9 NYCRR 8005.3 (a), a notice of violation must be served on the alleged violator within three days of the execution of the warrant. The notice of violation states the hearing date. As with statutory requirements concerning the scheduling of final revocation hearings, however, the above-cited provisions make no reference to prior notice concerning rescheduled preliminary hearings (see, e.g., People ex rel. Medina v Superintendent, 101 AD2d 871; People ex rel. Wentsley v Hammock, 89 AD2d 1058). They concern only the initial scheduled hearings. Here, petitioner timely received the notice of violation with the scheduled hearing date. There was no further requirement that he be accorded an additional three-day notice for the adjourned hearing.

Finally, there is no merit to petitioner's claim that he did not timely receive a violation of release report (see, Executive Law § 259-i [3] [c] [iii]). The notice of violation form, which petitioner signed, specifically stated that such a report was attached, and directly above petitioner's signature was the phrase "Violation of Release Report received". Petitioner offers no support for his assertion and indeed the record fails to indicate that the report was not timely received. Accordingly, and in conclusion, County Court's decision should be reversed and the writ dismissed.

Judgment reversed, on the law, without costs, and writ of habeas corpus dismissed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.