THE PEOPLE OF THE STATE OF NEW YORK ex rel. CICERO MURPHY, Appellant, v WARDEN, ADOLESCENT RECEPTION & DETENTION CENTER, et al., Respondents. [795 NYS2d 188]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered May 13, 2003, which denied the petition for a writ of habeas corpus, unanimously reversed, on the law, without costs or disbursements, the petition granted and the parole violation charges dismissed.

On August 3, 2000, the petitioner, convicted of attempted criminal possession of a weapon in the third degree and sentenced to a prison term of two years to life, was released and placed on parole supervision. On February 7, 2001, he was charged with violating parole. Petitioner waived a preliminary hearing and pleaded guilty at a final parole revocation hearing held on March 13, 2001. He was sentenced to two years' incarceration. On June 18, 2002, Supreme Court, Orleans

County, vacated the revocation of parole because the charges had not been read at the March 2001 final revocation hearing, as required by Division of Parole Regulations (9 NYCRR) § 8005.19, and ordered a hearing de novo "at the earliest available date."

In a June 27, 2002 letter to the Parole Board, petitioner requested a local revocation hearing close to New York City, pursuant to Executive Law § 259-i (3) (e) (i), in order to accommodate his witness. On July 5, 2002, the Board's counsel wrote to a state correctional official to request that "staff make the necessary arrangements to have [petitioner] transported downstate so that he can be afforded his Court ordered de novo final hearing." Counsel sent a follow-up letter on July 24, requesting petitioner's transfer to a local state facility and attached the order directing a hearing. When the Department of Correctional Services (DOCS) apparently refused to release petitioner for transfer to a local facility without a "release order," his counsel contacted the Justice who had ordered the hearing on June 18, who promptly (on September 23) issued a release order. Upon receipt of that order, DOCS transferred petitioner to Rikers Island. A de novo final revocation hearing was scheduled for December 17, 2002.

On November 6, 2002, prior to the scheduling of the December 17 hearing, this petition was filed for a writ of habeas corpus, alleging that the court-ordered de novo parole revocation hearing had not been held within 90 days of the June 18 order directing such hearing, as required (Executive Law § 259-i [3] [f] [i]; 9 NYCRR 8005.17 [a]). Respondent Division of Parole opposed the petition, arguing that Executive Law § 259-i did not address the situation presented here, where probable cause was found, a hearing granted and decision made, and thereafter, a new revocation hearing had been ordered. The Division argued that the 90-day period should run from the date of the release order, not from the June 18, 2002 date of the original order directing a de novo revocation hearing. Supreme Court agreed with the Division, finding that the 90-day time limit began to run from the date of the September 23, 2002 release order. The court also reasoned that the delays in scheduling appellant's hearing could not be attributed to the Division. We reverse.

The requirement of timely parole revocation hearings must be "strictly construed" (*People ex rel. Johnson v New York State Bd. of Parole*, 71 AD2d 595, 595 [1979]). The exceptions to the statutory mandate that final revocation hearings be held within 90 days are limited to situations where the parolee requests and receives postponement, or consents to or causes the delay (Ex-

ecutive Law § 259-i [3] [f] [i]; *People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 395 [1987]). While the language of section 259-i does not specifically address the circumstances where a de novo hearing is directed after a final revocation hearing was held, the section cannot be interpreted to eliminate the 90-day requirement. As petitioner argues, a de novo hearing is, in effect, an initial revocation hearing in which the parties occupy the same positions they were in prior to the defective hearing. Thus, as a result of the June 18, 2002 order, petitioner should have been restored to his pre-revocation status and given a revocation hearing within 90 days, in conformity with Executive Law § 259-i (3) (f) (i).

While the Division suggests that any delay in holding the revocation hearing was caused by petitioner's request for a local hearing, it was the Division's responsibility to produce him for a timely hearing, and it failed to do so. Under Executive Law § 259-i (3) (e) (i), he was entitled to a local revocation hearing. He need not forgo that right in order to obtain a timely hearing. Petitioner requested a local hearing nine days after the de novo hearing was ordered, thus affording the Division over 75 days to make the necessary arrangements. If DOCS required a special order from the court to produce him at Rikers Island, the Division should have obtained it. Alternatively, the Division should have produced him at a state correctional facility located within New York City. Yet for well over 90 days, no steps were taken. The fault for the delay rests squarely with the Division. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.