OPINION OF THE COURT
Dominic R. Massaro, J.
This is a special proceeding, whereby petitioner Denmark Small (hereinafter petitioner) seeks a habeas corpus writ ordering his release from respondents’ custody upon grounds that his final parole revocation hearing was not conducted in a timely fashion as required by Executive Law § 259-i (3) (f).
In this regard, petitioner says his constitutional (US Const Amend VI) and statutory (Executive Law § 259-i [3] [f] [iii]) rights to be served written notice of a final hearing, which must contain all charges that the New York State Division of Parole (hereinafter Parole) intends to bring against him and be served at least 14 days in advance of the final hearing (Executive Law § 259-i [3] [f] [iii]), were violated. Here, petitioner says his constitutional rights were violated when he received only 10 days’ notice of the final hearing date listed on the notice of violation (exhibit H), thereby depriving him of due process (US Const, Amend XIY § 1). On the other hand, respondents oppose the writ petition, arguing instead that petitioner’s claims are without merit in that his final hearing, in fact, was not held earlier than 14 days after the preliminary hearing waiver. Further, Parole notes that petitioner received adequate notice of the charges against him. Finally, because petitioner demanded adjournment of the parole revocation case to the “K-calendar,”[1] 90 days have not elapsed since petitioner waived his prelimi *766 nary hearing which was to decide the issue of probable cause. Therefore, petitioner’s claim for relief is premature.
Petitioner’s Hearing Objections
Petitioner wants the court to compel the Warden and Parole to vacate the pending warrant and cancel any pending parole delinquencies. Petitioner objects to Parole charging him with three violations contained in the violation of parole report (exhibit C), two of which occurred on July 5, 2012, when petitioner tested positive for marijuana use while on parole. Specifically, Parole charged petitioner with (1) using marijuana without proper medical authorization (violation of condition of release No. 11); (2) failing to attend substance abuse treatment at the Center for Community Alternatives without permission (violation of condition of release No. 12); and (3) failing to report to his parole officer on August 2, 2012 (violation of condition of release No. 12) (exhibit C).
On August 27, 2012, Parole issued a supplemental violation of parole report (exhibit E) adding an additional charge, that is, petitioner violated condition of release No. 4 when he left his approved residence in Brooklyn without notifying his parole officer of his new residence. Ironically, on the same day, petitioner was arrested for assault in the first degree (Penal Law § 120.10), attempted murder of Quintell Gannaway in the second degree (Penal Law §§ 110.00, 125.25), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01) (exhibit F).[2]
The arrests caused Parole to issue a second supplemental violation of parole report (exhibit G) charging petitioner with (1) intentional shooting of Gannaway (violation of condition of release No. 8); (2) possessing a loaded firearm capable of causing injury or death (violation of condition of release No. 9); (3) threatening Gannaway’s safety (violation of condition of release No. 8); and (4) firing a loaded gun at Gannaway (violation of condition of release No. ,8). Petitioner acknowledged service of the notice on August 30, 2012, and conceded he waived a preliminary hearing intended to determine probable cause in the parole revocation matter (exhibit H).
As previously stated, petitioner is statutorily entitled to 14 days’ notice of the charges against him before the final parole revocation hearing can be held (see Executive Law § 259-i [3] [f] *767 [iii]). Further, petitioner says the sole remedy for any such violation is vacatur of the parole warrant and reinstatement to parole (see generally People ex rel. Johnson v New York State Bd. of Parole, 71 AD2d 595 [1st Dept 1979]). Finally, petitioner argues the proceeding must be vacated because he was entitled not only to timely notice but also to “informative notice” detailing the charges against him (see generally People ex rel. Levy v Walters, 87 AD2d 620 [2d Dept 1982]).
Petitioner admits receiving a notice of violation (exhibit H) and violation of release reports (exhibits C, E, G) on August 30, 2012. As can be seen from inspection of the notice of violation, petitioner waived his preliminary hearing and the final hearing on the form was scheduled for September 10, 2012, which petitioner says violates Executive Law § 259-i (3) (f) (iii)’s requirement that counsel and petitioner have two weeks’ notice of the final hearing.
Parole’s Position
Parole says petitioner had adequate notice of the final parole revocation hearing’s date as required under Executive Law § 259-i (3) (f) (iii).[3] While an argument may exist that the initial date of the final hearing was outside the statutory period requirement, Parole says any defect was cured when the hearing officer adjourned the final hearing to September 26, 2012. Further, petitioner’s writ is premature because the final hearing has not occurred and is now scheduled for December 5, 2012. In effect, Parole says, petitioner suffered no prejudice from the rescheduling since there is no evidence that any part of the hearing was held on the original date.
Legal Discussion
The court denies petitioner’s request for habeas corpus relief here. This is because the court finds that Parole violated neither the 14-day nor 90-day chronological requirements regarding holding the final parole revocation hearing (see Executive Law § 259-i [3] [f]). The court finds petitioner waived both chronological requirements because the final parole revocation hearing was in fact not conducted earlier than 14 days after the determination of probable cause as calculated from when *768 petitioner waived his preliminary hearing. Further, no evidence exists that the final revocation hearing will be completed and chargeable to Parole to the extent that more than 90 days are chargeable against Parole from the date probable cause was determined. In essence, the court can only determine that petitioner’s relief is premature.
No 14-Day Violation
Because the final parole revocation hearing was scheduled to be held at the Rikers Island Correctional Facility, the court finds that the adjournment from September 10, 2012 request was properly made before a hearing officer at the scheduled hearing site on the day of the hearing (see 9 NYCRR 8005.17 [c] [2] [ii]). Based upon facts presented here, the court rejects any inference that the final parole revocation hearing began on September 10, 2012, and rejects petitioner’s claim that Parole violated Executive Law § 259-i (3) (f) (iii) by holding the hearing too early. Further, petitioner lacked any evidence that he lacked adequate, timely notice of the charges against him.
No 90-Day Violation
As a general rule, a final revocation hearing must be held within 90 days of the probable cause determination (see Executive Law § 259-i [3] [fj [i]).[4] Where a preliminary hearing is waived, the 90-day period for final revocation is calculated from the waiver date (see People ex rel. Gray v Campbell, 241 AD2d 723 [3d Dept 1997]). In this case, petitioner waived his preliminary hearing on August 30, 2012, causing the 90-day period to be recalculated and to expire on November 28, 2012; however, that date was further extended by petitioner’s demand that his case be placed upon the “K-calendar.”
Summary
In summary, the writ request must be denied because the hearing officer properly approved Parole’s request to adjourn the final hearing from September 10, 2012 to September 26, 2012, therefore negating any argument that petitioner was denied 14 days’ informed notice. Petitioner suffered no preju *769 dice from the adjournment because he was not forced into a hearing earlier than the statutorily mandated 14 days. Further, the writ is denied as to the 90-day rule because petitioner indefinitely adjourned his case to the “K-calendar.”
The court notes petitioner failed to satisfy his burden of proof by not providing the court with hearing transcripts concerning the various continuances, thereby impeding the court’s ability to allocate adjournments between the parties (see generally People ex rel. Gray v Campbell, 241 AD2d 723 [1997]). Consequently, the court finds no basis upon the present record to find Parole violated either the 14-day or 90-day chronological requirements of Executive Law § 259-i (3) (f) (i) and (iii).
Here, there can be no dispute that petitioner waived his preliminary hearing, negating any issue about the timeliness of that hearing. Because petitioner failed to provide hearing transcripts concerning the adjournment, the court rejects petitioner’s inference that the final hearing date appearing upon the waiver form cannot be adjourned, especially where the preliminary hearing date is blank. Certain reasonable alternatives explain the dates used on the notice of violation (exhibit H).
The court rejects, under these circumstances, petitioner’s claim that respondents are prohibited from proceeding with the final hearing even though the notice of violation provides that the final hearing was to be conducted within 11 days of petitioner’s preliminary hearing waiver. While the requirement of timely parole revocation hearings must be strictly construed, the court recognizes that exceptions to the statutory mandate that final revocation hearings be held within 90 days include otherwise reasonable situations where the parolee requests and receives postponement, or consents to or causes delay (see People ex rel. Murphy v Warden, Adolescent Reception & Detention Ctr., 17 AD3d 236 [1st Dept 2005]). At best, petitioner’s writ request can be viewed as premature and not entitled to relief at this time.
Wherefore, it is hereby ordered that the petition for a writ of habeas corpus, directed to respondents Warden, Hikers Island Correctional Facility and New York State Division of Parole, for the purpose of inquiring into the legality of petitioner Denmark Small’s detention and to cancel with prejudice the parole delinquency declared as to him and for other relief, is denied.

. The K-calendar is an administrative procedure that allows an alleged parole violator to request an open-ended adjournment of his final hearing to resolve pending felony charges (see generally People ex rel. Banks v Warden, *766 Rikers Is. Correctional Facility, 16 Misc 3d 1111[A], 2007 NY Slip Op 51380[U] [Sup Ct, Bronx County 2007]).

. As a result of the arrests, the final parole revocation hearing was adjourned to the K-calendar as discussed below.

. That statute requires that
“[b]oth the alleged violator and an attorney who has filed a notice of appearance on his behalf in accordance with the rules of the board of parole shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date.”

. The statute provides that
“[Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended.”