OPINION OF THE COURT
Richard Lee Price, J.
By habeas petitions submitted August 7, 2013 (index No. 250844-2013), and September 4, 2013 (index No. 251045-2013), respectively, petitioner moves for orders vacating his parole warrant and releasing him from the custody of New York State Department of Corrections and Community Supervision (DOCCS or respondent). Specifically, petitioner asserts that he is being illegally detained because DOCCS failed to provide timely notice of the alleged parole violations thereby depriving him of his right to a knowing and voluntary waiver of the preliminary hearing in violation of Executive Law § 259-i (3) (c) (i), (iii), and (iv) and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6. By decision dated September 16, 2013, this court dismissed both petitions.
Upon further review of the parties’ respective papers submitted in connection with these matters, this court modifies and amends its initial decision and order to the extent that the petition filed under index No. 251045-2013 is sustained.
I. Background and Procedural History
On November 7, 1994, judgment was entered against petitioner in Supreme Court, Bronx County (Bamberger, J.), convicting him of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15) and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06). Petitioner was sentenced to an indeterminate term of life imprisonment with a mandatory minimum period of eight years.
On or about November 16, 2011, petitioner was conditionally released and scheduled for lifetime supervision by DOCCS. In connection with his conditional release, petitioner signed a document entitled “Certificate of Release to Parole Supervision” Csee respondent’s exhibit A). By signing this document, *939 petitioner agreed to comply with the terms and conditions set forth in it, which included the following:
“CONDITIONS OF RELEASE . . .
“1. I will proceed directly to the area to which I have been released, and, within twenty-four hours of my release, make my arrival report to the Office of the Division of Parole, unless other instructions are designated on my release agreement. . . .
“2. I will make office and/or written reports as directed. . . .
“4.1 will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible. . . .
“8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.”
On or before September 28, 2012, petitioner is alleged to have changed his approved residence located at 400 East 30th Street, New York, New York (Bellevue Men’s Shelter) without notifying his parole officer or other DOCCS representative in violation of release condition 4.
On October 1, 2012, petitioner is also alleged to have failed to make both his arrival report and scheduled office visit in violation of release conditions 1 and 2. DOCCS then declared petitioner delinquent.
On October 17, 2012, DOCCS issued a violation of release report (VRR) charging petitioner with violating conditions of release 1, 2, and 4 (see respondent’s exhibit B). Commensurate with the VRR, DOCCS issued parole warrant No. 655790 (the warrant) (see respondent’s exhibit D).
On March 15, 2013, at approximately 11:00 a.m. in Carmel, New York, petitioner is further alleged to have committed the crimes of forcible touching and unlawful imprisonment in the *940 second degree in violation of the above-stated release condition 8.*
On March 25, 2013, the warrant was lodged against petitioner (,see respondent’s exhibit D). At that time, DOCCS served petitioner with a copy of the charges contained in the VRR (respondent’s exhibit B) as well as the notice of violation (violation notice) (see respondent’s exhibit E). Petitioner indicated that he wished to proceed with a preliminary parole revocation hearing (preliminary hearing) by placing a check mark in the box immediately adjacent to the preprinted statement, “I DO wish to have a preliminary hearing.” He then signed the violation notice (see respondent’s exhibit E). The preliminary hearing was scheduled for April 4, 2013.
On April 4, 2013, prior to the commencement of the preliminary hearing, petitioner met with Parole Officer Moore (PO Moore). During that meeting, petitioner decided to waive the preliminary hearing. To formally document petitioner’s waiver, PO Moore drafted the following on a blank sheet of paper (see respondent’s exhibit F):
“Parolee: Anthony Frazier
“NYSID # 3728943L
“Location: OBCC Rikers Island
“I Anthony Frazier choose to waive my Preliminary
Hearing and go straight to the final hearing which
is scheduled for 4-9-13
“Parolee’s Signature Anthony Frazier
“Witness Signature PO. A. Moore #1594”
As indicated, both petitioner and PO Moore signed the waiver. Petitioner’s final parole revocation hearing (final hearing) was then scheduled for April 9, 2013, and adjourned until May 2, 2013 (see respondent’s exhibit G).
On May 2, 2013, DOCCS produced petitioner to the Rikers Island Judicial Center, and served him with a supplemental violation of release report (SVRR) charging him with two additional violations of release condition 8 (see respondent’s exhibit H). No preliminary hearing on the supplemental charges was scheduled. The final hearing was adjourned until June 6, 2013.
After several additional adjournments, petitioner’s final hearing on the charged violations contained in both the VRR and *941 SVRR was finally scheduled for September 9, 2013 (see respondent’s exhibit D). Immediately prior to its commencement, petitioner entered a guilty plea to the first charge contained in the VRR (violation of release condition 4), and accepted a 22-month time assessment in full satisfaction of the violations charged in both the VRR and SVRR.
II. Discussion
An alleged parole violator is entitled to a preliminary hearing “no later than fifteen days from the date of execution of the [parole] warrant” (see Executive Law § 259-i [3] [c] [i ], [iv]). Abrogation of this 15-day rule is a due process violation that requires a parolee be restored to parole (see Matter of White v
New York State Div. of Parole, 60 NY2d 920, 922 [1983]; People

ex rel. Melendez v Warden of Rikers Is. Correctional Facility,

214 AD2d 301, 303 [1st Dept 1995]). Within three days of the
warrant’s execution, a parolee must also be given written notice of the time, place, and purpose of the preliminary hearing (see Executive Law § 259-i [3] [c] [iii]). The purpose of this requirement is to give an alleged parole violator adequate notice of the time, date, and place of the preliminary parole revocation hearing, inform him of the basis for the violation, and enable him to adequately prepare (see Executive Law § 259-i [3] [c] [iii]; 9
NYCRR 8005.3 [a]; People ex rel. Williams v Walsh, 241 AD2d
979 [4th Dept 1997], lv denied 90 NY2d 809 [1997]; see also
People ex rel. McKay v Sheriff of County of Rensselaer, 152 AD2d
786 [3d Dept 1989], lv denied 74 NY2d 616 [1989]).
The three-day notice obligation is triggered when a parole violation warrant is executed against a parolee. Execution occurs when a parolee is taken into custody under the warrant “by taking such person and having him detained” (Executive Law § 259-i [3] [a] [ii]; see People ex rel. Morant v Warden, Rikers Is., 35 AD3d 208 [1st Dept 2006], lv denied 8 NY3d 809 [2007]; People ex rel. Kato v George Motchan Detention Ctr., 27 Misc 3d 1213[A], 2010 NY Slip Op 50727[U] [Sup Ct, Bronx County 2010, Newman, J.]). Execution, however, requires that the warrant be the exclusive basis of such detention (Moody v Daggett, 429 US 78, 87 [1976]).
Here, the parole warrant was issued on October 17, 2012. It was not executed, however, until March 25, 2013, when DOCCS lodged it against petitioner at his facility of confinement operating as the sole basis for his detention. Its lodging, as it were, served as the trigger date for the three-day notice *942 requirement. Although the three-day statutory period formally commenced on March 26, 2013, the day after execution (see General Construction Law § 20; People ex rel. Gray v Campbell, 241 AD2d 723 [3d Dept 1997]), petitioner was served with the VRR on March 25. Such notice was therefore timely in compliance with Executive Law § 259-i (3) (c) (iii). Petitioner’s preliminary hearing was scheduled for April 4, 2013, which was well within the 15-day period in accordance with Executive Law § 259-i (3) (c) (i) and (iv). To be clear, petitioner asserts no infirmity with this part of the process.
A. Index No. 250844-2013
Petitioner claims that his waiver of the preliminary hearing was neither knowing nor voluntary because it was obtained in violation of 9 NYCRR 8005.6 (b), which requires that a parolee’s waiver of a preliminary hearing be made “either in writing on forms provided, or orally on the record at the preliminary hearing” (see 9 NYCRR 8005.6 [b]).
Generally, the proponent of a waiver bears the initial burden of proving that it was clearly and unambiguously made; waiver of a constitutionally guaranteed due process right is not presumed (Melendez, 214 AD2d at 302, citing Johnson v Zerbst, 304 US 458, 464 [1938]). To do so in the context of a preliminary hearing the respondent must establish that the parolee’s waiver was knowing, intelligent, and voluntary (White, 60 NY2d at 922; Melendez, 214 AD2d at 303). A waiver will be deemed knowing, intelligent, and voluntary when the record demonstrates that the parolee’s rights concerning the hearing and the effect of his waiver were explained to him (.People ex rel. Moll v Rodriguez, 132 AD2d 766 [3d Dept 1987], lv denied 70 NY3d 611 [1987]).
Petitioner asserts that his waiver, which was written on a blank sheet of paper, is invalid because it was made neither on a preprinted DOCCS form nor orally on the record (see 9 NYCRR 8005.6 [b]). Such a strict interpretation of 9 NYCRR 8005.6 (b), however, is both unwarranted and untenable. This is not to say that failure to use the notice of violation form is acceptable; it is not. Certainly, where a parolee is first served with the notice of violation form, his waiver of the preliminary hearing must be made on it in the space provided. But where a parolee initially indicates on it that he wishes to have a preliminary hearing, strict adherence to the language of 9 NYCRR 8005.6 (b) would render a subsequent written waiver per se invalid merely because DOCCS has yet to devise one. Effectively, then, a *943 parolee would be precluded from ever executing a subsequent written waiver. It is unlikely that 9 NYCRR 8005.6 (b) intended or contemplated such a result.
Moreover, a writing that clearly and unambiguously demonstrates the parolee’s desire to abandon his right to a preliminary hearing will be deemed valid (People ex rel. Quinones v New York State Bd. of Parole, 66 NY2d 748 [1985]; White, 60 NY2d at 922]). The standard for assessing such validity is by the totality of the circumstances (see Matter of Schwartz v Warden, New York State Correctional Facility at Ossining, 82 AD2d 870 [2d Dept 1981] [the totality of the surrounding circumstances determines the validity of an alleged waiver]). Here, petitioner’s signed and dated writing specifically states that “I Anthony Frazier choose to waive my Preliminary Hearing and go straight to the final hearing which is scheduled for 4 - 9 - 13.” Under the totality of the circumstances, such a clear and unambiguous statement establishes that petitioner understood his rights concerning the preliminary hearing and the effect of his waiver, and that he knowingly and voluntarily decided to forgo it. Significantly, petitioner claims neither that he failed to comprehend or appreciate the consequences of his decision nor that it was coerced.
Petitioner’s reliance on People ex rel. Bell v Warden, Rikers Is. (Sup Ct, Bronx County, July 28, 2005, Sonberg, J., index No. 75047-05) is misplaced. In Bell, petitioner’s waiver, which was also made subsequent to having first indicated on the notice of violation that he wished to have a preliminary hearing, stated only that “I am waiving my preliminary hearing on 2/11/05.” Such a statement was inherently ambiguous in that it was entirely unclear whether the parolee intended to forgo his right to have a hearing held on that date, or relinquish his right to a preliminary hearing in general. Additionally, it provided no indication that he understood it would result in proceeding with a final revocation hearing.
It is difficult to imagine that an otherwise valid waiver must be summarily rejected merely because it was not made on a preprinted form, especially where no such form existed. As for petitioner’s argument that it is “unfathomable” DOCCS attempted to secure a waiver “written on the proverbial back of a napkin, a piece of scrap paper that the parole officer either happened to find lying around or had in her possession” (see petitioner’s reply affirmation in opposition ¶ 6), this court agrees that using the reverse side of a personal advertisement seeking *944 sales agents for discounted Manhattan tourist ticket packages is hardly a paragon of professionalism. But while the professional, prudent, and preferred manner of securing a written waiver made subsequent to the VRR would be the promulgation and use of a preprinted form specifically dedicated for that purpose, the failure to do so should not invalidate an otherwise clear and unambiguous document demonstrating an intention to relinquish the right to a preliminary hearing.
B. Index No. 251045-2013
In addition to the right to receive timely notice of the preliminary hearing, a parolee is also entitled to informative notice that details the charges against him (People ex rel. Levy v Walters, 87 AD2d 620 [2d Dept 1982]; see People ex rel. Johnson v New York State Bd. of Parole, 71 AD2d 595 [1st Dept 1979]; see also People ex rel. Rivera v New York State Div. of Parole, 83 AD2d 918 [1st Dept 1981]). As noted, the purpose is to inform the alleged parole violator of the basis for the violation, and enable him to adequately prepare (see Executive Law § 259-i [3] [c] [iii]; 9 NYCRR 8005.3 [a]; Walsh, 241 AD2d 979; see also McKay, 152 AD2d 786). Petitioner claims that his waiver of the preliminary hearing, even if valid as to the VRR, did not extend to the SVRR because the supplemental charges contained in it were materially different from those in the VRR. Consequently, he argues, his waiver of the preliminary hearing was not knowing, intelligent, or voluntary. This court agrees.
Indeed, due process requires that supplemental charges be met with the same notice and opportunity to be heard as the initial charges (see Executive Law § 259-i [3] [c] [i], [iii], [iv]). Where additional charges merely amend or modify those charged in the initial VRR, there is no need for separate notice since the basis for them remains fundamentally the same. But “the further the state goes from that principle, the greater the likelihood that the change will be considered material” (People ex rel. Rivers v Warden, George Motchan Detention Ctr., Sup Ct, Bronx County, Apr. 16, 2013, Alvarado, J., index No. 250024-13]).
Parole violations charged in an SVRR are materially different when the basis for them occurred on different dates and are unrelated to those contained in the initial violation report (People ex rel. Davis v Warden, Anna M. Kross Ctr. N.Y. State Div. of Parole, 31 Misc 3d 1230[A], 2011 NY Slip Op 50911[U] [Sup Ct, Bronx County 2011, Duffy, J.]; see also People ex rel. O’Berry v
*945 Warden, Vernon Bain Ctr., Sup Ct, Bronx County, Sept. 24, 2013, Newbauer, J., index No. 250960-13; People ex rel. Crowley v New York State Dept, of Corr. & Community Supervision, Sup Ct, Bronx County, June 24, 2013, Villegas, J, index No. 340133-13; Rivers).
Materially different charges contained in an SVRR entitle a parolee to separate, timely, and informative notice of them (Davis; O’Berry, Crowley, Rivers). Such charges, then, are also subject to the three-day notice requirement, and obligate DOCCS to commence a preliminary hearing within 15 days (see Executive Law § 259-i [3] [c] [i ], [iii], [iv]). It follows, of course, that a parolee’s waiver of the preliminary hearing as to the supplemental charges must also be knowing, intelligent and voluntary.
Here, petitioner waived his right to a preliminary hearing on the charges contained in the VRR. Those charges, which relate to violations of release conditions 1, 2, and 4, are alleged to have occurred on September 28, 2012, and October 1, 2012. The charges contained in the SVRR, however, relate exclusively to petitioner’s March 15, 2013, Putnam County arrest in violation of release condition 8. More significantly, the VRR charges involved petitioner’s alleged failure to report as directed and his failure to notify parole that he changed his approved residence; the SVRR was based exclusively on his arrest for forcible touching and unlawful imprisonment. Such disparity in the time, place, occurrence, and substance of the supplemental charges necessarily indicates they are materially different from the VRR, and are not mere amendments or modifications of them. In fact, they are entirely unrelated. Consequently, petitioner was entitled to separate notice of them as well as a commensurate preliminary hearing in accordance with Executive Law § 259-i (3) (c) (i) and (iv). DOCCS failed to do so. Such failure precluded petitioner from executing a knowing, intelligent, or voluntary waiver of the preliminary hearing on the SVRR. Petitioner’s waiver, therefore, did not extend to the supplemental charges.
Conclusion
Based on the reasons stated above, this court finds petitioner’s waiver of the preliminary parole revocation hearing was knowing, intelligent, and voluntary in accordance with Executive Law § 259-i (3) (c) (i), (iii), and (iv) and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6. The habeas petition filed under index *946 No. 250844-2013 is therefore dismissed in its entirety. Petitioner’s waiver, however, did not extend to the parole violation charges contained in the supplemental violation release report. Consequently, the habeas petition filed under index No. 251045-2013 is sustained.

 Petitioner was formally arrested on May 7, 2013, and charged in Putnam County with one count of forcible touching (Penal Law § 130.52), and one count of unlawful imprisonment in the second degree (Penal Law § 135.05).