[5 NYS3d 852]

The People of the State of New York ex rel. Theresa Lawson, Petitioner, v Warden, Rose M. Singer Center, et al., Respondents.

Supreme Court, Bronx County, April 9, 2015

APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Kerry Elgarten* of counsel), for petitioner.

*Eric T. Schneiderman, Attorney General*, New York City (*David Cheng* of counsel), for respondents.

## OPINION OF THE COURT

RICHARD LEE PRICE, J.

By habeas petition submitted November 12, 2014, petitioner moves for an order vacating her parole warrant and releasing her from the custody of the New York State Department of Corrections and Community Supervision (DOCCS or respondent). Specifically, petitioner asserts that she is being illegally detained because DOCCS failed to provide timely notice of the alleged parole violations thereby depriving her of the right to a knowing and voluntary waiver of the preliminary hearing in violation of Executive Law § 259-i (3) (c) (i), (iii), and (iv) and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6. Upon review of the parties' respective papers submitted in connection with this matter, the petition is sustained as to the charges contained in the supplemental violation of release report. In all other respects, however, the petition is dismissed.

## I. Background and Procedural History

On June 11, 2009, judgment was entered against petitioner in Supreme Court, Bronx County (Torres, J.), convicting her of assault in the second degree (Penal Law § 120.05). Petitioner was sentenced to a determinate term of three years' imprisonment with a period of five years' postrelease supervision.

On or about November 2, 2010, petitioner was conditionally released and scheduled to be supervised by DOCCS until November 2, 2015. In connection with her conditional release, petitioner signed a document entitled "Certificate of Release to Parole Supervision" (*see* respondent's exhibit A). By signing this document, petitioner agreed to comply with the terms and conditions set forth in it, which included the following:

"CONDITIONS OF RELEASE . . .

"2. I will make office and/or written reports as directed. . . .

"4. I will permit my Parole Officer to visit me at my

residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible. . . .

"8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others. . . .

"11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization. . . .

"13. I will fully comply with the instructions of my Parole Officer and obey such special additional written conditions as he or she, a Member of the Board of Parole or an authorized representative of the Division of Parole, may impose."

On May 26, 2014, petitioner allegedly failed to make her scheduled office visit as previously instructed in violation of release condition 2 (charge one). DOCCS then declared petitioner delinquent (*see* respondent's exhibit B).

On May 29, 2014, at approximately 9:47 p.m., petitioner allegedly failed to comply with her curfew restrictions in that she was not present at her approved residence located at 454 Lexington Avenue, apartment 308, Brooklyn, New York (residential program) by 9:00 p.m. as directed in violation of release condition 13 (charge two).

On, about or before May 30, 2014, petitioner is alleged to have changed her approved residence located at 454 Lexington Avenue, apartment 308, Brooklyn, New York without notifying her parole officer or other DOCCS representative in violation of release condition 4 (charge three).

On June 27, 2014, DOCCS issued a violation of release report (VRR) charging petitioner with violating conditions of release 2, 13, and 4 (charges one, two, and three, respectively) (*see* respondent's exhibit B).

On June 27, 2014, DOCCS issued parole warrant No. 683536 (*see* respondent's exhibits B, D, E).

On July 9, 2014, at approximately 12:50 p.m. in Bronx County, petitioner was arrested for allegedly selling a controlled substance to an undercover police officer in violation of the above-stated release conditions 8 and 11.

On July 10, 2014, petitioner was arraigned and charged with three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16). At that time, DOCCS lodged the warrant against petitioner (*see* respondent's exhibits B, D).

On July 14, 2014, DOCCS served petitioner with a copy of the charges contained in the VRR (respondent's exhibit B) as well as the notice of violation (*see* respondent's exhibit F). Petitioner indicated that she wished to waive a preliminary parole revocation hearing by placing a check mark in the box immediately adjacent to the preprinted statement, "I do NOT wish to have a preliminary hearing." Petitioner's final parole revocation hearing was then scheduled for July 22, 2014, after which petitioner signed the violation notice (*see* respondent's exhibit F).

On July 22, 2014, DOCCS served petitioner with a supplemental violation of release report (SVRR) charging petitioner with three additional violations, two relating to release condition 8 and one relating to release condition 11 (charges four, five, and six, respectively) (*see* respondent's exhibit G). No preliminary hearing on the supplemental charges was scheduled. The final hearing was adjourned until August 6, 2014.

## II. Discussion

### A. Due Process in Administrative Hearings

Due process is "not a technical conception with a fixed content unrelated to time, place and circumstances" (*Joint Anti-Fascist Refugee Comm. v McGrath*, 341 US 123, 162 [1951]), but rather "depends on the extent to which an individual will be condemned to suffer grievous loss" (*Morrissey v Brewer*, 408 US 471, 480-481 [1972] [internal quotation marks and citation omitted]). To be clear, revocation of parole is not part of a criminal prosecution. Accordingly, the full "panoply of rights" due to a defendant in such proceedings do not apply to parole revocation hearings (*Morrissey*, 408 US 471, 480). But, while constitutional protections applicable to criminal prosecutions do not uniformly apply to noncriminal proceedings (*Morrissey* at 480; *Matter of State of New York v Floyd Y.*, 22 NY3d

95, 103 [2013]), administrative parole revocation proceedings expose a parolee to a deprivation of liberty.

It is indisputable that individual liberty is a sacred right. Such a right is heavily protected by the US Constitution, NY Constitution, and the courts (*McGrath*, 341 US at 200-201). Parole revocation deprives an individual of their conditional liberty, which is protected by the Fourteenth Amendment's Due Process Clause (*Morrissey* at 482). Where an individual would be deprived of their liberty, then, they undoubtedly have a significant interest (*see Floyd Y.*, 22 NY3d 95, 105). Thus, a convicted felon's reduced due process rights in administrative hearings must be measured against a revocation of parole that will result in "grievous loss" to the defendant: a return to prison.

Unfortunately, identifying the protections that must be extended is not always clear, especially when wading through the murky waters of administrative hearings. To this extent, the Supreme Court established three factors in determining when due process rights must be protected in administrative proceedings: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest; and (3) the interest of the government (*Mathews v Eldridge*, 424 US 319, 335 [1976]). Although the *Mathews* balancing test does not specifically provide an appropriate framework for assessing state procedural rules that are part of the criminal process, parole revocation hearings are clearly administrative. As such, it is entirely applicable here (*Medina v California*, 505 US 437, 443 [1992]). And, given the nature of that which is at stake in a parole revocation proceeding, it is axiomatic that all three *Mathews* factors must be satisfied.

## B. Notice

An alleged parole violator is entitled to a preliminary hearing "no later than fifteen days from the date of the execution of the [parole] warrant" (*see* Executive Law § 259-i [3] [c] [i], [iv]). Abrogation of this 15-day rule is a due process violation that requires a parolee be restored to parole (*see Matter of White v New York State Div. of Parole*, 60 NY2d 920, 922 [1983]; *People ex rel. Melendez v Warden of Rikers Is. Correctional Facility*, 214 AD2d 301, 303 [1st Dept 1995]). Within three days of the warrant's execution, a parolee must also be given written notice of the time, place, and purpose of the preliminary hearing (*see* Executive Law § 259-i [3] [c] [i], [iii], [iv]). The purpose of this requirement is to give an alleged parole violator adequate

notice of the time, date, and place of the preliminary parole revocation hearing, inform her of the basis for the violation, and enable her to adequately prepare (*see* Executive Law § 259-i [3] [c] [iii]; 9 NYCRR 8005.3 [a]; *People ex rel. Williams v Walsh*, 241 AD2d 979 [4th Dept 1997], *lv denied* 90 NY2d 809 [1997]; *see also People ex rel. McKay v Sheriff of County of Rensselaer*, 152 AD2d 786 [3d Dept 1989], *lv denied* 74 NY2d 616 [1989]).

The three-day notice obligation is triggered when a parole violation warrant is executed against a parolee. Execution occurs when a parolee is taken into custody under the warrant "by taking such person and having him detained" (Executive Law § 259-i [3] [a] [ii]; *see People ex rel. Morant v Warden, Rikers Is.*, 35 AD3d 208 [1st Dept 2006], *lv denied* 8 NY3d 809 [2007]; *People ex rel. Kato v George Motchan Detention Ctr.*, 27 Misc 3d 1213[A], 2010 NY Slip Op 50727[U] [Sup Ct, Bronx County 2010, Newman, J.]). Execution, however, requires that the warrant be the exclusive basis of such detention (*Moody v Daggett*, 429 US 78, 87 [1976]).

Here, the parole warrant was issued on June 27, 2014. It was not executed, however, until July 10, 2014, when DOCCS lodged it against petitioner at her facility of confinement operating as the sole basis for her detention. Its lodging, as it were, served as the trigger date for the three-day notice requirement. The three-day statutory period, then, formally commenced on July 11, 2014, the day after execution (*see* General Construction Law § 20; *People ex rel. Gray v Campbell*, 241 AD2d 723 [3d Dept 1997]). As such, DOCCS was to have served petitioner with the violation notice and VRR on July 13, 2014. Since July 13, 2014 fell on a Sunday, DOCCS had until Monday, July 14, 2014, to serve petitioner, which they did (*see* General Construction Law § 25-a [1] [timely notice extends to the following business day when the date on which it falls is a weekend or public holiday]; *People ex rel. Atkinson v Warden of Rikers Is. Correctional Facility*, 201 AD2d 271 [1st Dept 1994]; *People ex rel. Frost v Meloni*, 124 AD2d 1032 [4th Dept 1986], *lv denied* 69 NY2d 606 [1987]). Such notice was therefore timely in compliance with Executive Law § 259-i (3) (c) (iii). To be clear, petitioner asserts no infirmity with this part of the process.

C. Supplemental Parole Violation Charges

In addition to the right to receive timely notice of the preliminary hearing, a parolee is also entitled to informative notice that details the charges against him (*People ex rel. Levy v Wal-*

*ters*, 87 AD2d 620 [2d Dept 1982]; *see People ex rel. Johnson v New York State Bd. of Parole*, 71 AD2d 595 [1st Dept 1979]; *see also People ex rel. Rivera v New York State Div. of Parole*, 83 AD2d 918 [1st Dept 1981]). As noted, the purpose is to inform the alleged parole violator of the basis for the violation, and enable him to adequately prepare (*see* Executive Law § 259-i [3] [c] [iii]; 9 NYCRR 8005.3 [a]; *Walsh*, 241 AD2d 979; *see also McKay*, 152 AD2d 786). Petitioner claims that her waiver of the preliminary hearing pursuant to charges one, two, and three contained in the VRR did not extend to the SVRR because the supplemental charges contained in it were materially different from those in the VRR. Consequently, she argues, her waiver of the preliminary hearing was not knowing, intelligent, or voluntary. This court agrees.

Indeed, due process requires that supplemental charges be met with the same notice and opportunity to be heard as the initial charges (*see* Executive Law § 259-i [3] [c] [i], [iii], [iv]). Where additional charges merely amend or modify those charged in the initial VRR, there is no need for separate notice since the basis for them remains fundamentally the same. But, "the further the state goes from that principle, the greater the likelihood that the change will be considered material" (*People ex rel. Rivers v Warden, George Motchan Detention Ctr.*, 2013 NY Slip Op 33879[U], *5-6 [Sup Ct, Bronx County 2013, Alvarado, J.]). Parole violations charged in an SVRR are materially different when the basis for them occurred on different dates and are unrelated to those contained in the initial violation report (*People ex rel. Davis v Warden, Anna M. Kross Ctr. N.Y. State Div. of Parole*, 31 Misc 3d 1230[A], 2011 NY Slip Op 50911[U] [Sup Ct, Bronx County 2011, Duffy, J.]; *see also People ex rel. Seale v Warden, Otis Bantum Corr. Ctr.*, 2014 NY Slip Op 33496[U] [Sup Ct, Bronx County 2014, Sackett, J.]; *People ex rel. Reyes v Warden, Rikers Is. Corr. Facility*, 2014 NY Slip Op 33497[U] [Sup Ct, Bronx County 2014, Marvin, J.]; *People ex rel. Dean v New York State Div. of Parole*, 2013 NY Slip Op 33881[U] [Sup Ct, Bronx County 2013, Livote, J.]; *People ex rel. Davis v Warden, Vernon C. Bain Ctr.*, 2013 NY Slip Op 33880[U] [Sup Ct, Bronx County 2013, Williams, J.]; *People ex rel. O'Berry v Warden, Vernon C. Bain Ctr.*, Sup Ct, Bronx County, Sept. 24, 2013, Newbauer, J., index No. 250960-13; *People ex rel. Crowley v New York State Dept. of Corr. & Community Supervision*, 2013 NY Slip Op 33887[U] [Sup Ct, Bronx County 2013, Villegas, J.]; *People ex rel. Rivers v Warden,*

*George Motchan Detention Ctr.*, 2013 NY Slip Op 33879[U] [Sup Ct, Bronx County 2013]).

Indeed, materially different charges contained in an SVRR entitle a parolee to separate, timely, and informative notice of them (*Davis*; *Seale*; *Reyes*; *Dean*; *Davis*; *O'Berry*; *Crowley*; *Rivers*). It follows, of course, that a parolee's waiver of the preliminary hearing as to the supplemental charges must also be knowing, intelligent and voluntary. Simply put, it is difficult to imagine how a waiver as to one set of charged violations could conceivably include a materially different set neither included nor contemplated at the time of such waiver. Respondent's argument, then, that to conclude otherwise "would improperly disadvantage parolees who invoke their right to a preliminary hearing, and render redundant and meaningless the explicit inclusion of final notice in Executive Law § 259-i (3) (f) (iii)" is unpersuasive. Whether a waiver is the functional equivalent of a finding of probable cause for purposes of filing supplemental charges is hardly the issue. Rather, the issue is whether as a matter of due process petitioner was presented with notice of the charged violations sufficient to make an informed decision to waive the preliminary hearing. In fact, that is precisely the purpose of the notice requirement. Material disparity in the time, place, occurrence, and substance of charges not included in the violation notice deprive a petitioner of that right.

Here, petitioner waived her right to a preliminary hearing on the charges contained in the VRR. Those charges, which relate to violation of release conditions 2, 13, and 4 are alleged to have occurred on May 26, 29, and 30, 2014. The charges contained in the SVRR, however, relate exclusively to petitioner's July 9, 2014 Bronx County arrest in violation of release conditions 8 and 11. More significantly, the VRR charges involved petitioner's alleged failure to report as directed, failure to comply with her curfew, and failure to notify her parole officer that she changed her approved residence; the SVRR, conversely, was based exclusively on her arrest for selling a controlled substance to an undercover officer. Such disparity in the time, place, occurrence, and substance of the supplemental charges necessarily indicates they are materially different from the VRR, and are not mere amendments or modifications of them. In fact, they are entirely unrelated. Consequently, petitioner was entitled to separate notice of them in accordance with Executive Law § 259-i (3) (c) (i); DOCCS failed to provide it. Such failure, then, precluded petitioner from execut-

824

ing a knowing, intelligent, or voluntary waiver of the preliminary hearing. Petitioner's waiver, therefore, did not extend to the supplemental charges.

## III. Conclusion

Based on the reasons stated above, this court finds petitioner's waiver of the preliminary parole revocation hearing was knowing, intelligent, and voluntary in accordance with Executive Law § 259-i (3) (c) (i), (iii), and (iv) and the Due Process Clauses of the Fourteenth Amendment of the US Constitution and NY Constitution, article I, § 6. Such waiver, however, did not extend to parole violation charges four, five, and six contained in the supplemental violation release report. Consequently, the habeas petition is sustained only as to those charges. In all other respects, however, the petition is dismissed.